**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 2:05-CR-0121-RCJ-RJJ |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ROBERT DAVID KAHRE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the Court on Defendant Robert Kahre's Objections to Magistrate Judge Johnston's Order Regarding Defendants' Motion to Disqualify Assistant United States Attorney Gregory Damm. (#1195.) Several Defendants filed Motions for Joinder to Defendant Robert Kahre's Motion as follows: (1) Alexander Loglia (#1215, #1317); (2) Myra Buonomo (#1281); (3) Lori Kahre (#1306); and (4) Joel Axberg (#1341). The Court has considered the Motions, the pleadings on file, and oral argument on behalf of the parties and hereby issues the following Order.

**BACKGROUND**

On April 22, 2005, Defendant Robert Kahre filed his Motion to Disqualify (#132) Assistant U.S. Attorney ("AUSA") Gregory Damm from participating in this case. Although Judge Johnston originally denied Defendant Kahre's Motion in a minute order, Judge Johnston later issued a written Order denying the Motion to Disqualify. (*See* #1101.) As discussed in this Court's prior Orders, on May 29, 2003, federal and state law enforcement agencies executed a

search warrant on several properties in connection with this case. In response to these searches, several individuals filed a civil lawsuit against multiple entities and individuals involved with the execution of the warrant. The civil action alleges that AUSA Damm orchestrated a "military-style" raid, which violated Defendants' constitutional rights. Based on the evidence obtained from the searches, the United States filed a criminal indictment against Defendants on April 5, 2005. Defendants asked Judge Johnston to disqualify AUSA Damm from this case because Defendants named him in the separately pending civil case. Defendants now ask this Court to set aside Judge Johnston's Order and disqualify AUSA Damm from the case.

**DISCUSSION**

Defendants ask the Court to overturn Judge Johnston's Order and disqualify AUSA Damm based on three main theories: (1) AUSA Damm violated DOJ policy and lied to Magistrate Judge Johnston regarding such policy; (2) AUSA Damm violated statutory law requiring disqualification; and (3) AUSA Damm's status as a party in the *Bivens* action creates an appearance of a conflict of interest requiring immediate dismissal under *Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787 (1987). Defendant Loglia also argues that AUSA Damm should be disqualified because he mailed a copy of the indictment to the University of Las Vegas ("UNLV") school of law where Defendant Loglia attended as a law student at the time the Government obtained an indictment.

**I.      Standard of Review**

A district court shall set aside any portion of a Magistrate Judge's order that is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

**II.     AUSA Damm's Alleged Misrepresentation to Judge Johnston**

Defendants argue that because AUSA Damm is a named defendant in the *Bivens* action, he has a conflict of interest in prosecuting this case. Defendants argue that the Department of

Justice ("DOJ") never reviewed AUSA Damm's alleged emotional and pecuniary interest created by the *Bivens* action, and never authorized him to prosecute this case. Defendants further allege that AUSA Damm lied to Judge Johnston regarding his clearance for conflicts during oral argument on Defendant Kahre's Motion to Disqualify. At oral argument, Judge Johnston inquired as to whether Mr. Damm had cleared any potential conflicts with the DOJ. AUSA Damm responded that he had. Defendants claim this statement was an intentional misrepresentation. The parties discussed this topic with Judge Johnston both at the original disqualification hearing in 2005, as well as a separate hearing in May, 2006. The Court has reviewed *in camera* documents and communications between AUSA Damm and the DOJ. A review of these documents clearly indicates that AUSA Damm disclosed to the DOJ any potential conflicts of interests. The DOJ was aware of the pending *Bivens* action as well as this Court's (Judge Pro) ruling regarding immunity. Thus, the Court finds that AUSA Damm did not make any misrepresentation to Judge Johnston or this Court regarding DOJ's knowledge or clearance with regards to potential conflicts.

### III. Federal Statutory Provisions

Defendants also contend that certain statutory provisions relating to executive officials engaged in prosecutions required AUSA Damm to recuse himself in this action. Specifically, Defendants argue the following provisions require disqualification in this case: (1) 18 U.S.C. § 208; (2) 28 U.S.C. § 528; and (3) 28 C.F.R. §§ 45.1 and 45.2

First, 18 U.S.C. § 208(a) states in part that any executive employee who "participates personally and substantially as a Government officer or employee, through decision, approval, disapproval, recommendation, the rendering of advice, investigation, or otherwise, in a judicial or other proceeding" in which such employee has a financial interest is guilty of a crime punishable by imprisonment or a fine. 18 U.S.C. §§ 208, 216. According to Defendants, AUSA

Damm has a financial interest in this prosecution because he is a named defendant in the *Bivens* action. Thus, Defendants assert that AUSA Damm violated § 208 and the Court should therefore disqualify him from this case.

Defendants' argument fails. Defendants neglect to point out that § 208 also provides that if the executive employee discloses the conflict and receives clearance, then the government official may participate in the judicial proceeding or other investigatory matters. *See* § 208(b)(1). As discussed above, Damm fully disclosed his potential conflicts of interest with the DOJ, which then approved his participation and prosecution in this case. Thus, Damm did not violate § 208 and this argument alone does not necessitate disqualification under § 208(a)(1). Defendants also cite 28 U.S.C. § 528 to support their argument. Section 528 requires the Attorney General to promulgate rules and regulations requiring disqualification of U.S. Attorneys who have, among other things, a financial interest in a particular investigation. Just as with § 208, AUSA Damm complied with the regulations requiring disqualification by disclosing his situation to the DOJ and those in charge of making ethics decisions.

The Government's adherence to its standardized procedure and its conduct of an internal review on this issue is commendable and helpful, but it, of course, is not dispositive. The question whether Defendants' rights were violated is not left for their adversary to determine, but is for a court of law. While this Court finds that AUSA Damm did not violate the above mentioned statutory provisions, the Court must also analyze whether AUSA Damm should have recused himself based on constitutional standards set out under the relevant case law. As discussed below, the Court finds that AUSA Damm did not violate Defendants' rights by refusing to recuse himself from this case.

**IV.    The *Bivens* Action and *Young v. United States***

As noted above, AUSA Damm is a named Defendant in the separate civil suit alleging

constitutional violations in connection with searches executed in this case. Defendants claim this fact disqualifies Mr. Damm because he has a proprietary interest in the outcome of this prosecution, and because his participation in this case creates an appearance of impropriety.

First, according to Defendants, Judge Johnston applied the incorrect standard in deciding the Motion to Disqualify. Judge Johnston required Defendants to establish by clear and convincing evidence a prima facie case of misconduct on the part of AUSA Damm. (*See* #1101 at 4) (citing *United States v. Kember*, 685 F.2d 451, 458 (D.C. Cir. 1982) and *United States v. Heldt*, 668 F.2d 1238, 1277 n.80 (D.C. Cir. 1981)). Defendants argue *Kember*'s clear and convincing standard was overruled in *Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787 (1987). *Young* held that courts generally may appoint private attorneys to prosecute contempt charges, but that the district court erred in appointing private counsel in that case because he was also beneficiary of the court order on which the contempt action was based. *Id.* 793. Thus, Defendants imply that because AUSA Damm could be a benefactor from a jury's finding of guilt in this case, the Court must disqualify him. However, the law does not require a per se disqualification when a federal prosecutor is also named as a defendant in a separate action. *See United States v. Lorenzo*, 995 F.2d 1448, 1453 (9th Cir. 1993) (noting that a court need not disqualify a U.S. Attorney when the charges filed were brought on objective or impartial grounds); *see also Heldt*, 668 F.2d at 1277-79. If this were the case, any defendant could simply file a separate civil suit against the prosecutor to remove her from the case. Furthermore, the appointment in *Young* involved a private attorney's appointment by a court's inherent judicial power. Here, AUSA Damm was appointed by an executive department acting pursuant to statutory law. A properly appointed U.S. Attorney is entitled to a "presumption of impartiality as a 'servant of the law.'" *United States v. Terry*, 806 F. Supp. 490, 494 (S.D.N.Y. 1992) (quoting *Young*, 481 U.S. at 803). As such, disqualification "could not be justified by

mere inference from the filing of the suit but would require proof, by clear and convincing evidence, of a prima facie case of misconduct on part of the AUSA." *Kember*, 685 F.2d at 458.

In the case at bar, Defendants have neither presented clear and convincing evidence of prosecutorial misconduct nor an appearance of such. AUSA Damm's participation in this case does not violate Defendants' constitutional rights to a fair trial. The facts in this case fail to support the claim that the criminal charges were either brought or prosecuted to encourage Defendants to dismiss their civil suit. In addition, Defendants have failed to present evidence that AUSA Damm has acted in an improper manner in hopes to affect the pending *Bivens* action. As this Court has noted in a prior Order, the government had previously acquired, as the affidavit for the search warrant fully supports, substantial evidence and probable cause of alleged criminal offenses which no responsible U.S. Attorney could refuse to prosecute. The Government requested the search warrants to obtain corroborative evidence of crimes that were fully articulated in the supporting affidavit. Moreover, the Ninth Circuit has stated (in a case decided after *Young*) that a criminal defendant complaining of an appearance of conflict "'has cause to complain only if he was prejudiced.'" *Lorenzo*, 995 F.2d 1453 (quoting *Heldt*, 215 668 F.2d at 1277). Defendants cannot demonstrate any prejudice in this case. As noted above, the Government had sufficient evidence supporting the charges against Defendants. Further, Defendants cannot point to any actions since the time they filed their *Bivens* claim that AUSA Damm has acted improperly. Defendants contend that this Court's (Judge Pro's) Order in the civil action denying in part AUSA Damm's absolute immunity establishes misconduct. (*See* Docket #57, 2:03-cv-1238-DAE-RJJ.) However, such an order is not clear and convincing evidence of misconduct. That Order ruled on the defendants' motion to dismiss in the *Bivens* action. On a motion to dismiss, a court views the facts in the light most favorable to the plaintiff and accepts as true any well-pleaded allegations.

The Court rejects Defendants' argument that AUSA Damm's involvement in this case has violated their due process rights. In addition, the Court rejects Defendants' contentions that AUSA Damm's participation in this case creates an appearance of impropriety based on the fact he is a named Defendant in the separate *Bivens* action.

### V. Vindictive Prosecution

Defendant Loglia also argues that the Court must disqualify AUSA Damm based on vindictive prosecution. Loglia contends that AUSA demonstrated prosecutorial vindictiveness when he sent a copy of the indictment to the UNLV law school while he was a student. "'To establish a prima facie case of prosecutorial vindictiveness, a defendant must show either direct evidence of actual vindictiveness or facts that warrant an appearance of such.'" *United States v. Montoya*, 45 F.3d 1286, 1299 (9th Cir. 1995) (quoting *United States v. Sinigaglio,* 942 F.2d 581, 584 (9th Cir. 1991)). "'Evidence indicating a realistic or reasonable likelihood of vindictiveness may give rise to a presumption of vindictiveness on the government's part.'" *Id.* (quoting *United Stated v. Garza-Juarez,* 992 F.2d 896, 906 (9th Cir. 1993)). "However, the Supreme Court has emphasized that this presumption must be supported, because at the pretrial stage, the prosecutor's assessment of the proper extent of prosecution may not have crystallized." *Id.* (internal quotations and citation omitted). "While most vindictive prosecution cases involve re-indictment of a defendant, the mere filing of an indictment can support a charge of vindictive prosecution." *Id.* (citation omitted). However, Defendant "must still prove an improper prosecutorial motive through objective evidence before any presumption of vindictiveness attaches." *Id.* (citing *United States v. Goodwin*, 457 U.S. 368, 380 n.12 (1982)). Defendant fails to prove an "improper prosecutorial motive," and thus he fails to establish vindictiveness.

Loglia contends that AUSA Damm's mailing of the declaration and indictment raises the presumption of vindictive prosecution beyond any doubt, and that such mailing is objective

evidence that proves an improper prosecutorial motive. If these actions raise a presumption of vindictiveness, the Government must then show "independent reasons or intervening circumstances [that] dispel the appearance of vindictiveness and justify its decisions." *United States v. Hooton*, 662 F.2d 628, 634 (9th Cir. 1981).

Judge Johnston noted that the documents which AUSA Damm mailed are public documents. Loglia argues Damm mailed these documents to retaliate for the *Bivens* action. As discussed in conjunction with earlier orders, Defendants have not demonstrated retaliatory conduct on Damm's behalf for bringing this case. Further, as Judge Johnston pointed out, AUSA Damm did not indict all the plaintiffs in the *Bivens* action, suggesting that he was not "out to get" those who filed the *Bivens* action. It is noted that approval for further prosecution of these Defendants was given from central DOJ. Further, AUSA Damm did not mail the documents to other entities with which Loglia associated. In addition, in a separate hearing, the Government noted it believed the school would more likely cooperate in producing information if the school knew the reasons underlying the indictment. Loglia fails to "'show either direct evidence of actual vindictiveness or facts that warrant an appearance of such.'" *United States v. Montoya*, 45 F.3d 1286, 1299 (9th Cir. 1995) (quoting *United States v. Sinigaglio,* 942 F.2d 581, 584 (9th Cir. 1991)). Thus, the Court denies Loglia's request to disqualify AUSA Damm.

///

///

///

///

**CONCLUSION**

Pursuant to the above analysis, IT IS HEREBY ORDERED that Defendants' Objections to Magistrate Judge Johnston's Order and Request to Disqualify AUSA Damm (#1195) is *denied*. IT IS FURTHER ORDERED that Defendants' Motions for Joinder (#1215, #1281, #1306, #1341, and #1317) are *granted*.

DATED :    July 13, 2007

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE