# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

In re: MITCHELL POSIN, )   AD-S-07-005-NA-NA
Attorney at Law.            )
_____)   **ORDER**

On July 12, 2007, a designated Screening Panel of the Southern Nevada Disciplinary Board ("Panel") entered an Interim Order following a Formal Hearing regarding Mitchell Posin, Esq. The Interim Order provided, *inter alia*, that starting August 1, 2007, Mitchell Posin shall cease practicing law for a period of four months. This voluntary cessation of the practice of law by Mr. Posin was found tantamount to a suspension for purposes of Supreme Court Rule (SCR) 118.

Mr. Posin is an attorney appointed to the Criminal Justice Act Panel to represent defendants in a number of pending felony cases. In light of the Interim Order of the Screening Panel of the Southern Nevada Disciplinary Board that Mitchell Posin shall cease practicing law for a period of four months starting August 1, 2007, and that this voluntary cessation of the practice of law is tantamount to a suspension for purposes of Supreme Court Rule (SCR) 118,

**IT IS ORDERED:**

1. Attorney Mitchell Posin is removed as court appointed counsel in the following federal matters:

   | | |
   |---|---|
   | United States v. Brian Lee Kissinger | 2:02-cr-404-01-LDG-PAL |
   | United States v. James M. Gulley | 2:05-cr-121-07-RCJ-RJJ |
   | United States v. Michael Pugliese | 2:06-cr-210-21-LDG-LRL |
   | United States v. Oscar Ramirez-Saucedo | 2:06-cr-226-03-RLH-PAL |

///
///

2.  Separate orders will issue appointing substitute counsel for the defendants represented by Mr. Posin identified in the preceding paragraph.

Dated this ___13___ day of July, 2007.

ROGER L. HUNT
CHIEF UNITED STATES DISTRICT JUDGE

JUL-12-2007(THU) 13:18    CHAMBERS OF PHILIP PRO    (FAX)702 464 5511    P.003/008
Fax sent by : 7023502071    ST BAR DISCIPLINE    07/16/07 13:22    Pg: 2/7
Case 2:05-cr-00121-DAE-GWF    Document 1483    Filed 07/16/07    Page 3 of 8

Case Nos. 05-123-0653, 05-205-0653, 06-001-0653, 06-014-0653, 06-015-0653, 06-022-0653, 06-029-0653, 06-094-0653, 06-138-0653, 06-166-0653, 06-120-0653, 06-156-0653, 07-015-0653, 07-018-0653

**FILED**
JUL 12 2007

### STATE BAR OF NEVADA

### SOUTHERN NEVADA DISCIPLINARY BOARD

STATE BAR OF NEVADA,

    Complainant,

vs.

MITCHELL POSIN, ESQ.,

    Respondent.

**INTERIM ORDER**

This matter came before a designated Screening Panel of the Southern Nevada Disciplinary Board ("Panel") on June 25, 2007, at 9:00 a.m. for a Formal Hearing regarding MITCHELL POSIN, ESQ., ("Respondent"). The Panel consisted of Chair, Nicholas Santoro, Esq., Thomas Ryan, Esq., Larry Lamoreux, Esq., Bruce Leslie, Esq. and Erin Beesley, Laymember. Deputy Bar Counsel David A. Clark represented the State Bar of Nevada ("State Bar"). Respondent was present and was represented by Frank Cremen, Esq.

After deliberating and reviewing all pleadings, exhibits, and testimony that has been received into evidence, this Panel HEREBY ORDERS:

1.     This matter is continued for five (5) months for final disposition.

2.     During that time, Respondent shall cease practicing law for a period of four (4) months, starting August 1, 2007. This voluntary cessation of the practice of law is tantamount to a suspension for purposes of Supreme Court Rule (SCR) 118. Respondent is also subject to the notice requirements under the

JUL-12-2007(THU) 13:18　CHAMBERS OF PHILIP PRO　(FAX)703 464 5511　P.004/008
Fax sent by : 7029626747　ST BAR DISCIPLINE　07-12-07 13:42　Pg: 3/7
Case 2:05-cr-00121-DAE-GWF　Document 1483　Filed 07/16/07　Page 4 of 8

|   |   |   |
|---|---|---|
| 1 |  | new SCR 115 (Notice of change of licensure status). A copy of this rule is attached hereto as Exhibit A. |
| 3 | 3. | The one possible exception to cessation of the practice of law for the four (4) month time period is the matter of *USA v. Chao Fan Xu, et al.*, case no. 2:02-CR-0674-PMP(LRL), currently pending in the United States District Court in Nevada. Within fifteen (15) days of the Formal Hearing, Respondent shall file with this Panel a written showing of prejudice that would inure to Respondent's client given the impending trial date. The Panel's decision will carve out the *Xu* case from the cessation of the practice for four (4) months if Respondent makes the requisite showing of prejudice. |
| 11 | 4. | This Interim Order will be published in *Nevada Lawyer* magazine. |
| 12 | 5. | Respondent shall pay restitution within five (5) to ten (10) calendar days from the date of the Formal Hearing to those parties identified by the Respondent during the Formal Hearing. Restitution shall be made through the trust account of Respondent's counsel. |
| 16 | 6. | Within thirty (30) days of June 25, 2007, Respondent shall: |
| 17 | a. | Release the $500 court bond to Minerva Mouawad. |
| 18 | b. | Distribute all funds to the lienholders and the clients as to Nina Fair, Shane Delance, and Sharon Vidaure. |
| 20 | c. | Obtain a blocked account order from the judge in the *Fair* matter. |
| 21 | d. | Rectify the overpayment in the James Hamly matter. |
| 22 | e. | Provide a full accounting to the State Bar concerning The Archie Davis Revocable Living Trust. If the State Bar determines that there is a violation, that violation will be a separate matter and not covered under the imposition of discipline in this Order. This panel will retain |

-2-

JUL-12-2007(THU) 13:18   CHAMBERS OF PHILIP PRO   (FAX)702 464 5511   P. 005/008
Fax sent by : 7023820494   ST BAR DISCIPLINE   07-12-07 13:02   Pg: 4/7
Case 2:05-cr-00121-DAE-GWF   Document 1483   Filed 07/16/07   Page 5 of 8

1 jurisdiction over the *Davis* matter for additional adjudication of any
2 violations that may be uncovered as a result of this accounting.

3 7.  Respondent shall be responsible for all costs of the proceeding.

4 8.  Respondent shall get an adequate bookkeeping system in place that is
5 satisfactory to the State Bar. When this Panel reconvenes in five (5) months,
6 the State Bar must approve of the bookkeeping system and will continue to
7 maintain jurisdiction for six (6) months after that to review Respondent's
8 bookkeeping system to avoid future problems.

9 9.  At the end of five (5) months, if Respondent failed to comply with the
10 conditions set forth in this order, or if Respondent practiced law directly or
11 indirectly through someone else, or if other matters of a disciplinary nature
12 have arisen with respect to Respondent's practice of law, this panel has
13 retained jurisdiction to suspend Respondent for a period of time, which could
14 be six (6) months plus one (1) day or up to one (1) year.

15 10. If at the end of five (5) months, it Respondent has met the conditions, this
16 Panel will recommend that Respondent be suspended for four (4) months
17 with credit for time served, and pay the costs of these proceedings.

18 DATED this __11__ day of July 2007.

19 _____
Nicholas Santoro, Esq.
20 Formal Hearing Panel Chair
Southern Nevada Disciplinary Board
21
APPROVED AS TO FORM AND CONTENT:
22
STATE BAR OF NEVADA
23
_____    _____
24
David A. Clark, Deputy Bar Counsel    Frank Cremen, Esq.
25 600 E. Charleston Blvd.    715 S. Fourth Street
Las Vegas, NV 89104    Las Vegas, NV 89101
Attorney for the State Bar of Nevada    Attorney for Respondent

-3-

JUL-12-2007(THU) 13:18    CHAMBERS OF PHILIP PRO    (FAX)702 464 5511    P. 006/008
Fax sent by: SV BAR DISCIPLINE    07-12-07 13:42    Pg: 5/7
Case 2:05-cr-00121-DAE-GWF   Document 1483   Filed 07/16/07   Page 6 of 8

**Rule 115.** *Notice of change in license status; winding down of practice.*

    *1.* **Who must comply.** An attorney barred from the active practice of law, whether by disbarment, suspension, including suspension under Rule 98 or Rule 212, transfer to disability inactive status, or resignation with discipline pending must comply with this rule. An attorney who resigns without discipline pending under Rule 98(5)(a) and who has any Nevada clients must also comply with this rule solely with respect to the attorney's Nevada clients. If an attorney who resigns under Rule 98(5)(a) has no Nevada clients, then the attorney shall file the affidavit described in Rule 115(4).

    *2.* **Duty to notify clients not involved in legal proceedings.** An attorney who is required to comply with this rule shall immediately notify, by registered or certified mail, return receipt requested, all clients being represented in pending matters, other than litigation or administrative proceedings, of his or her disbarment, suspension, transfer to disability inactive status, or resignation and consequent inability to act as an attorney. The attorney shall further advise the clients to seek other legal advice of their own choice, and shall inform them of any relevant limitation period and deadlines.

    *3.* **Duty to notify clients and forums involved in proceedings.** An attorney barred from the active practice of law, whether by disbarment, suspension, including suspension under Rule 98 or Rule 212, transfer to disability inactive status, or resignation, shall immediately notify, by registered or certified mail, return receipt requested, (1) each of the attorney's clients who is involved in pending litigation, administrative proceedings, arbitration, mediation or other


EXHIBIT A

similar proceedings,(2) the attorney(s) for each adverse party in such matters, and (3) the court, agency, arbitrator, mediator or other presider over such proceeding of his or her disbarment, suspension, transfer to disability inactive status, or resignation and consequent inability to act as an attorney. The notice to the client shall state the desirability of prompt substitution of another attorney of the client's own choice and shall list any upcoming appearances and deadlines. The notice given to the attorney for an adverse party shall provide the last known address of the client.

In the event the client does not obtain substitute counsel within 30 days of the attorney's notice to the client, it shall be the responsibility of the attorney to move in the court, agency or other forum in which the proceeding is pending for leave to withdraw, if leave is required.

**4. Duty to inform Supreme Court of compliance with order.** Within 10 days after the entry of the disbarment, suspension, transfer to disability inactive status, or resignation order, the attorney shall file an affidavit of compliance with the supreme court, bar counsel, and, if the suspension was under Rule 212, with the board of continuing legal education. The affidavit must show:

(a) That the attorney has fully complied with the provisions of the order and with these rules;

(b) All other state, federal, and administrative jurisdictions to which the attorney is admitted or specially admitted to practice;

(c) That the attorney has served a copy of his or her affidavit on bar counsel;

JUL-12-2007(THU) 13:19    CHAMBERS OF PHILIP PRO         (FAX)702 464 5511         P.008/008
Fax sent by                   STATE BAR DISCIPLINE
Case 2:05-cr-00121-DAE-GWF   Document 483   Filed 07/12/07   Page 8 of 8

(d) The address and telephone number of the attorney and that of a contact person, if any, designated for client files; and

(e) The status of any client or third-party funds being held.

5. **Maintenance of records.** An attorney required to comply with this rule shall maintain records of his or her proof of compliance with these rules and with the disbarment, suspension, transfer to disability inactive status, or resignation order for the purposes of subsequent proceedings. Proof of such compliance shall be a condition precedent to reinstatement or readmission.

6. **Failure to comply.** If an attorney subject to this rule fails to comply with any provision of this rule or the court's order of disbarment, suspension, transfer to disability inactive status, or resignation, the court may enter an order to accomplish the purpose of this rule.

7. **Effective date.** Orders imposing suspension or disbarment or approving resignation shall be effective immediately. After entry of the order, the attorney shall not accept any new retainer or act as attorney for another in any new case or legal matter of any nature. However, for 15 days from the entry date of the order, the attorney may wind up and complete, on behalf of any client, all matters pending on the entry date.