IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 05-00121 DAE-RJJ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ROBERT D. KAHRE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT LORI KAHRE'S MOTION FOR ADDITIONAL PEREMPTORY CHALLENGES PURSUANT TO THE PREVIOUS ORDER OF THE COURT GRANTING ADDITIONAL PEREMPTORY CHALLENGES

On April 13 through 15, 2009, the Court conducted hearings in the instant case. J. Gregory Damm, Assistant U.S. Attorney, and Christopher J. Maietta, Trial Attorney, U.S. Department of Justice, appeared at the hearings on behalf of the Government; Michael J. Kennedy, Assistant Federal Public Defender, appeared at the hearings on behalf of Defendant Lori Kahre; William A. Cohan, Esq., appeared at the hearings on behalf of Defendant Robert Kahre; Lisa A. Rasmussen, Esq., appeared at the hearings on behalf of Defendant Robert Kahre; Lynn Panagakos, Esq., appeared at the hearings on behalf of Defendant Cline; and Joel F. Hansen, Esq., appeared at various times at the hearings on behalf of

Defendant Alexander Loglia.  During these hearings, the Court announced that it intended to take several of the pending motions under advisement and would not hear oral argument thereon.  One of these motions was Defendant Lori Kahre's Motion for Additional Peremptory Challenges Pursuant to the Previous Order of the Court Granting Additional Peremptory Challenges.  After reviewing the motion, joinders, and the supporting and opposing memoranda, the Court GRANTS IN PART AND DENIES IN PART Defendant Lori Kahre's motion for additional peremptory challenges and related joinders.

## DISCUSSION

On January 27, 2009, Defendant Lori Kahre filed the instant motion seeking additional peremptory challenges.  (Doc. # 2137.)  Defendants Robert Kahre, Alexander Loglia, and Danille Cline filed joinders to her motion.  (Doc. ## 2145, 2150, and 2202, respectively.)  Defendants request 6 additional peremptory challenges for a total of 16 general peremptory challenges, to be exercised jointly, and an additional 2 challenges should the Court choose to seat 3 or 4 alternates.  (Mot. at 3.)  Defendant Lori Kahre also requests that the Court order 2 additional peremptory challenges for the Government, for a total of 8 peremptory challenges.  (Id.)

Defendant Lori Kahre cites no good cause for the Court granting such additional peremptory challenges other than the fact that Judge Jones had previously allowed various additional challenges in the first trial and in a decision rendered prior to a stay issued by the Ninth Circuit.  (Id. at 2.)  The Government, in its opposition, states that it feels that the standard peremptory challenges are adequate in this case but requests that if the Court grant Defendants additional challenges, that it also grant an incremental increase in the Government's challenges.  (Doc. # 2232 at 17-18.)

This Court is considering every motion filed by the parties independently and objectively.  As such, the Court will decide, in its discretion, whether to grant additional peremptory challenges.

Federal Rule of Criminal Procedure 24(b) outlines the number of peremptory challenges to which each side is entitled.  In a felony case, as is this one, the Government is entitled to 6 peremptory challenges and the defendants jointly have 10 peremptory challenges.  Fed. R. Crim. P. 24(b)(2).  "The court may allow additional peremptory challenges to multiple defendants, and may allow the defendants to exercise those challenges separately or jointly."  Fed. R. Crim. P. 24(b).

3

The Ninth Circuit has held that "[t]here is no right to additional peremptory challenges in multi-defendant cases." United States v. McClendon, 782 F.2d 785, 787 (9th Cir. 1986), overruled on other grounds, United States v. Garrett, 179 F.3d 1143 (9th Cir. 1999). The award of additional peremptory challenges is not mandatory, but permissive, and rests in the trial court's sound discretion. Id.; see also Fed. R. Crim. P. 24(b); United States v. Hueftle, 687 F.2d 1305, 1309 (10th Cir. 1982) (3 challenges for 15 defendants, while "not very generous," did not deprive defendants of a fair trial).

Additionally, the Rules permit the trial judge to impanel up to 6 alternate jurors to replace any jurors who are unable to perform or who are disqualified from performing their duties. Fed. R. Crim. P. 24(c)(1). When 1 or 2 alternates are impaneled, the Rules state that the parties are entitled to one additional peremptory challenge to prospective alternate jurors. Fed. R. Crim. P. 24(c)(4)(A). Likewise, when the Court chooses to impanel 3 or 4 alternates, two additional peremptory challenges to those prospective alternates are permitted. Fed. R. Crim. P. 24(c)(4)(B). Finally, the parties are entitled three additional peremptory challenges when 5 or 6 alternates are impaneled. Fed. R. Crim. P. 24(c)(4)(C).

In this case, the Court finds that no additional general peremptory challenges are necessary.  The standard number of challenges, as outlined by the Rules, provide the parties ample opportunity to select an impartial jury that is representative of the community.  Furthermore, the limited number of challenges will promote an efficient and expeditious jury selection process.

Considering the length and complexity of this case, however, the Court will impanel 4 alternate jurors.  As such, the Court finds that the Rules dictate each side be given 2 additional peremptory challenges that may be used to remove prospective alternate jurors.  <u>See</u> Fed. R. Crim. P. 24(c)(4)(B).

Accordingly, this Court GRANTS IN PART AND DENIES IN PART Defendant Lori Kahre's motion for additional peremptory challenges and related joinders.  The Government will be allotted 6 peremptory challenges and the Defendants will jointly share 10 peremptory challenges to be used to remove prospective members of the jury.  In addition, the Court will impanel 4 alternate jurors and will grant each side 2 additional peremptory challenges to be used to remove prospective alternate jurors.

CONCLUSION

For the reasons stated above, the Court GRANTS IN PART AND DENIES IN PART Defendant Lori Kahre's Motion for Additional Peremptory Challenges and related joinders.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 20, 2009.

_____
DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE


United States v. Kahre, et al., Cr No. 05-00121 DAE-RJJ; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT LORI KAHRE'S MOTION FOR ADDITIONAL PEREMPTORY CHALLENGES PURSUANT TO THE PREVIOUS ORDER OF THE COURT GRANTING ADDITIONAL PEREMPTORY CHALLENGES