IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 05-00121 DAE-RJJ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ROBERT D. KAHRE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT LORI KAHRE'S MOTION PURSUANT TO
FEDERAL RULE OF CRIMINAL PROCEDURE 24(a) TO SELECT THE JURY
IN THE SAME MANNER AS THE PREVIOUS TRIAL

On April 13 through 15, 2009, the Court conducted hearings in the instant case. J. Gregory Damm, Assistant U.S. Attorney, and Christopher J. Maietta, Trial Attorney, U.S. Department of Justice, appeared at the hearings on behalf of the Government; Michael J. Kennedy, Assistant Federal Public Defender, appeared at the hearings on behalf of Defendant Lori Kahre; William A. Cohan, Esq., appeared at the hearings on behalf of Defendant Robert Kahre; Lisa A. Rasmussen, Esq., appeared at the hearings on behalf of Defendant Robert Kahre; Lynn Panagakos, Esq., appeared at the hearings on behalf of Defendant Cline; and Joel F. Hansen, Esq., appeared at various times at the hearings on behalf of Defendant Alexander Loglia. During these hearings, the Court announced that it

intended to take several of the pending motions under advisement and would not hear oral argument thereon.  One of these motions was Defendant Lori Kahre's Motion Pursuant to Federal Rule of Criminal Procedure 24(a) to Select the Jury in the Same Manner as the Previous Trial.  (Doc. # 2138.)  After reviewing the motion, joinders, and the supporting and opposing memoranda, the Court DENIES Defendant Lori Kahre's motion to select the jury in the same manner as the previous trial and related joinders.

DISCUSSION

On January 27, 2009, Defendant Lori Kahre filed the instant motion. (Doc. # 2138.)  Defendant Lori Kahre requests that counsel for both the Defendants and the Government be given an opportunity to personally conduct limited supplemental voir dire after the Court conducts its initial questioning of the venire.  Defendant Lori Kahre emphasizes that counsel have a lengthy history with the case and therefore possess a stronger grasp of the pertinent issues and facts.  As a result, she contends, they should be permitted to conduct further questioning as is needed.  To support her claims, Defendant Lori Kahre cites to a Fifth Circuit opinion, which suggested that questioning by counsel may be more useful than exclusive Court examination, and a report by the Ninth Circuit Jury Trial Improvement Committee, which has recommended that "jurors may benefit if

judges permit attorney-conduct voir dire." See United States v. Ible, 630 F.2d 389, 395 (5th Cir. 1980); Mot. Ex. A at 9.  Defendants Robert Kahre, Alexander Loglia, and Danille Cline join in Defendant Lori Kahre's motion.  (Doc. ## 2146, 2149, and 2190, respectively.)  The Government responds simply by leaving the method of jury selection to the discretion of the Court.  (Doc. # 2232 at 18.)

The Court has in its "sound discretion" the authority to exclusively conduct voir dire.  See United States v. Baldwin, 607 F.2d 1295, 1297 (9th Cir. 1979).  Rule 24(a) of the Federal Rules of Criminal Procedure provides as follows:

> The court may permit the defendant or his attorney and the attorney for the government to conduct the examination of prospective jurors <u>or may itself conduct the examination</u>. In the latter event the court shall permit the defendant or his attorney and the attorney for the government to supplement the examination by such further inquiry as it deems proper <u>or shall itself submit to the prospective jurors such additional questions by the parties or their attorneys as it deems proper</u>.

Fed. R. Crim. P. 24(a) (emphasis added).

The Ninth Circuit has repeatedly reinforced this authority in decisions reaching as far back as 1958.  In Hamer v. United States, 259 F.2d 274, 278-79 (9th Cir. 1958), cert. denied, 359 U.S. 916 (1959), reh'g denied, 359 U.S. 962 (1959), the Ninth Circuit held that Rule 24(a) was not violative of the defendant's constitutional rights.  The Court found that voir dire examination by the trial judge

3

was adequate and fair to insure to the defendant the unbiased selection of an impartial jury to which he was entitled, the judge having advised counsel that if he had any additional voir dire questions he could request the court to ask them, but no such request having been made.  Id. at 279-80 ("there is no constitutional right to a personal voir dire of the jury"); see also, Wagner v. United States, 264 F.2d 524, 528-29 (9th Cir. 1959), cert. denied, 360 U.S. 936 (1959), reh'g denied, 361 U.S. 857 (1959) (refusal of trial judge to permit counsel to question prospective jurors directly but propounding itself questions suggested by counsel); Rodgers v. United States, 402 F.2d 830, 831 (9th Cir. 1968); Silverthorne v. United States, 400 F.2d 627, 638 (9th Cir. 1968); United States v. Giese, 597 F.2d 1170, 1181 (9th Cir.), cert. denied, 444 U.S. 979 (1979); United States v. Cutler, 806 F.2d 933, 937 (9th Cir. 1986).

It is therefore well-settled that the Court may, in its discretion, choose to present all questions to the jury itself and refuse to permit individual counsel an opportunity for personal questioning.  The Court is aware, however, that it has an obligation to consider all supplemental questions proposed by counsel and "keep uppermost in [its] mind the fact that the parties have a right to some surface information about prospective jurors which might furnish the basis for an informed

exercise of peremptory challenges or motions to strike for cause based on a lack of impartiality."  Baldwin, 607 F.2d at 1297.

Accordingly, the Court DENIES Defendant Lori Kahre's motion requesting permission for counsel to conduct supplemental questioning.  The Court intends to conduct all questioning itself and will consider all requested voir dire and supplemental questions presented in either written format prior to the beginning of trial or at sidebar.  The Court understands there are issues of potential bias, the power of law enforcement witness testimony, and publicity implicated by this case.  There is ample opportunity, however, for the parties to propose questions to be included in the Court's voir dire questioning and to request additional juror-specific follow-up questions should the need arise.

The Court also notes that the venire will have completed both an "Ability to Serve Questionnaire" -- which is sent out prior to jury selection and should have the effect of eliminating jurors with significant time conflicts -- and a "Case-Specific Jury Questionnaire" agreed to by counsel that will provide counsel with a significant amount of personal information about each juror on which challenges may be based.  The answers to those questionnaires will provide counsel with an extraordinary amount of information about the venire and may mitigate the need for extensive supplemental questioning.

Although the Court recognizes the Ninth Circuit Jury Trial Improvement Committee has presented several recommendations on this issue, the Court is informed by judicial opinions of the Ninth Circuit. Those opinions are clear that the trial judge has discretion to exclusively conduct voir dire and this Court believes that such Court-questioning in this complex case will best serve the interests of fairness and efficiency.

## CONCLUSION

For the reasons stated above, the Court DENIES Defendant Lori Kahre's Motion to Select the Jury in the Same Manner as the Previous Trial and related joinders.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 20, 2009.

_____
DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE

United States v. Kahre, et al., Cr No. 05-00121 DAE-RJJ; ORDER DENYING DEFENDANT LORI KAHRE'S MOTION PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 24(a) TO SELECT THE JURY IN THE SAME MANNER AS THE PREVIOUS TRIAL