IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES, | ) | Case No. 2:05-cr-121 DAE (RJJ) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ROBERT D. KAHRE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT LORI KAHRE'S MOTION TO
DISMISS COUNTS 61, 62, AND 63 OF THE 3RD SUPERSEDING
INDICTMENT FOR VIOLATIONS OF THE STATUTE OF
LIMITATIONS AND/OR MULTIPLICITY AND
ORDER DENYING DEFENDANT ALEXANDER LOGLIA'S POST-
MANDATE & REASSIGNMENT MOTION TO DISMISS COUNTS
74, 75, AND 76 OF THE 3RD SUPERSEDING INDICTMENT
<u>FOR VIOLATION OF THE STATUTE OF LIMITATIONS</u>

On April 13 through 15, 2009, the Court conducted hearings in the instant case.  J. Gregory Damm, Assistant U.S. Attorney, and Christopher J. Maietta, Trial Attorney, U.S. Department of Justice, appeared at the hearings on behalf of the Government; Michael J. Kennedy, Assistant Federal Public Defender, appeared at the hearings on behalf of Defendant Lori Kahre; Joel F. Hansen, Esq., appeared at various times at the hearings on behalf of Defendant Alexander Loglia; William A. Cohan, Esq., appeared at the hearings on behalf of Defendant Robert

Kahre; Lisa A. Rasmussen, Esq., appeared at the hearings on behalf of Defendant Robert Kahre; and Lynn Panagakos, Esq., appeared at the hearings on behalf of Defendant Cline.  During these hearings, the Court announced that it intended to take several of the pending motions under advisement and would not hear oral argument thereon.  Two of these motions were Defendant Lori Kahre's Motion to Dismiss Counts 61, 62, and 63 of the 3rd Superseding Indictment for Violations of the Statute of Limitations and/or Multiplicity and Defendant Alexander Loglia's Post-Mandate & Reassignment Motion to Dismiss Counts 74, 75, and 76 of the 3rd Superseding Indictment for Violation of the Statute of Limitations.  After reviewing the motion, joinders, and the supporting and opposing memoranda, the Court DENIES Defendants' motions and related joinders.

## BACKGROUND

The parties are well aware of the factual background of this case and so this Court will only recite those facts relevant to the instant motion.

On April 5, 2005, the United States filed two indictments against Robert Kahre, various family members, and other associates of his business.  The defendants were charged with numerous counts of Willful Failure to Collect/Pay Over Tax, Conspiracy to Attempt to Evade or Defeat Tax, Attempt to Interfere with Administration of Internal Revenue Law, and Wire Fraud.

The United States prosecuted the criminal case, which began in May 2007 against Robert Kahre and eight other defendants. On September 17, 2007, a jury returned no verdict as to any counts against defendants Robert Kahre, Lori Kahre, and Alexander Loglia. (Doc. # 1626.)

On November 20, 2007, the United States filed a Third Superseding Criminal Indictment (the "TSI"), charging Robert Kahre and others with 79 criminal counts (59 counts as to Robert Kahre individually). (Doc. # 1671.) Defendant Lori Kahre is charged in Counts 61, 62, and 63 with evasion of income taxes for the years 1998, 1999, and 2000. Defendant Loglia is charged in Counts 74, 75, and 76 with evasion of income taxes for the years 1998, 1999, and 2000.

On January 29, 2009, Defendant Lori Kahre filed the instant motion to dismiss Counts 61, 62, and 63. (Doc. # 2148.) Defendant Cline filed a joinder to Defendant Lori Kahre's motion on February 12, 2009. (Doc. # 2189.) On March 6, 2009, the Government filed a consolidated response to several of Defendants' motions, which included an opposition to the instant motion. (Doc. # 2232 at 5-9.) Defendant Lori Kahre failed to file a reply to the Government's consolidated response.

On January 30, 2009, Defendant Loglia filed his motion to dismiss Counts 74, 75, and 76. (Doc. # 2159.) Defendant Cline once again filed a joinder

to Defendant Loglia's motion on February 16, 2009.  (Doc. # 2199.)[1]  On March 6, 2009, the Government filed a consolidated response to several of Defendants' motions, which included an opposition to the instant motion.  (Doc. # 2232 at 32-35.)  Defendant Loglia filed a reply on March 23, 2009.  (Doc. # 2257.)

STANDARD OF REVIEW

Pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure, a party may file a motion to dismiss based on "any defense, objection, or request that the court can determine without a trial of the general issue."  See United States v. Shortt Accountancy Corp., 785 F.2d 1448, 1452 (9th Cir.), cert. denied, 478 U.S. 1007 (1986).  "An indictment is sufficient if it (1) 'contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend' and (2) 'enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'"  United States v. Lazarenko, 546 F.3d 593, 599 (9th Cir. 2008) (quoting Hamling v. United States, 418 U.S. 87, 117 (1974)).

---

[1]It is unclear to this Court why Defendant Cline would file joinders to Defendant Lori Kahre and Loglia's motions.  The motions specifically move to dismiss Counts 61, 62, 63, 74, 75, and 76 of TSI and Defendant Cline is not charged with any of those Counts nor is she charged at all under 26 U.S.C. § 7201.  Therefore, her joinder is denied.  In addition, to the extent that her joinder could have been construed to be proper, it would likewise be denied for the same reasons on the merits as set forth below.

In considering a motion to dismiss, a court is limited to the face of the indictment and must accept the facts alleged in that indictment as true. Winslow v. United States, 216 F.2d 912, 913 (9th Cir.), cert. denied, 349 U.S. 922 (1955). "[A]n indictment 'should be read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied.'" United States v. Berger, 473 F.3d 1080, 1103 (9th Cir. 2007) (quoting United States v. King, 200 F.3d 1207, 1217 (9th Cir. 1999)).

"The government need not allege its theory of the case or supporting evidence, but only the 'essential facts necessary to apprise a defendant of the crime charged.'" United States v. Buckley, 689 F.2d 893, 897 (9th Cir. 1982) (quoting United States v. Markee, 425 F.2d 1043, 1047-48 (9th Cir.), cert. denied, 400 U.S. 847 (1970)). In fact, an indictment that sets forth the charged offense in the words of the statute itself is generally sufficient. United States v. Johnson, 804 F.2d 1078, 1084 (9th Cir. 1986).

## DISCUSSION

Defendants Lori Kahre and Loglia seek dismissal of Counts 61, 62, 63, 74, 75, and 76 of the TSI because, they claim, they violate the statute of limitations. Defendant Lori Kahre also argues, with no legal citation or analysis, that Counts 61, 62, and 63 are improperly multiplicitous.

I.      Statute of Limitations

The parties agree that the statute of limitations for tax evasion is six years. See 26 U.S.C. § 6531(2); Lori Kahre Mot. at Ex. A, at 6; Opp'n at 20; Loglia Mot. at 9. The parties disagree, however, on when the statute of limitations should begin to run. The Government argues that the statute of limitations for evasion charges begins to run on the date of the last affirmative act of evasion or the statutory due date of the return, whichever is last. (Mot. at 20.)

The Government is correct. See United States v. DeTar, 832 F.2d 1110, 1113 (9th Cir. 1987) ("Even if the taxes evaded were due and payable more than six years before the return of the indictment, the indictment is timely so long as it is returned within six years of an affirmative act of evasion."). An affirmative act of evasion is one "the likely effect of which would be to mislead or to conceal." Spies v. United States, 317 U.S. 492, 499 (1943).

Several other circuits have adopted such a rule. See United States v. Anderson, 319 F.3d 1218, 1219 (10th Cir. 2003); United States v. Dandy, 998 F.2d 1344, 1355 (6th Cir. 1993) (emphasizing that "to hold otherwise would only

reward a defendant for successfully evading discovery of his tax fraud for a period of six years subsequent to the date the returns were filed."); United States v. Wilson, 118 F.3d 228, 236 (4th Cir. 1997); United States v. Winfield, 960 F.2d 970, 973-75 (11th Cir. 1992); United States v. Trownsell, 367 F.2d 815, 816 (7th Cir. 1966).

Defendants contend the statute of limitations should begin to run on the date the taxes were due, i.e. April 15 of the year following the tax year in question. In arguing this, Defendants cite to a Ninth Circuit case which held that the statute of limitations should run on the "occurrence of the last act necessary to complete the offense, normally, a tax deficiency." United States v. Carlson, 235 F.3d 466, 470 (9th Cir. 2000). The Carlson decision, however, explicitly supports the DeTar rule regarding the last affirmative act of evasion. See Carlson, 235, F.3d at 470-71. The Carlson Court distinguished cases in which the defendant is charged with "evasion of assessment," rather than "evasion of payment." Id. With respect to his "evasion of assessment," Carlson had committed the acts of evasion prior to his filing of inaccurate tax returns on the statutory due date. Therefore, the last affirmative act of evasion he completed was, in fact, the filing of the return. In cases where a defendant continues to conceal or evade taxes after the

statutory due date, however, the Carlson Court recognized acts of evasion could extend past the statutory due date and therefore extend the statute of limitations. Id.

In this case, Defendant Lori Kahre is charged in Counts 61, 62, and 63 of the TSI with evasion of taxes for tax years 1998, 1999, and 2000. The TSI alleges that Defendant Lori Kahre committed acts of evasion by:

> agreeing with her employer to hide from the Internal Revenue Service the fact that she was receiving and being paid in cash, engaging in a series of payroll transactions that concealed the true and correct amount of income earned by her, using a false name on payroll records, and preparing and causing to be prepared and filed a false [income tax return]

(TSI at ¶¶ 65, 67, & 69.) For Counts 61 and 62, the TSI alleges these acts occurred from the statutory due date for each year and continued at least through May 29, 2003. (Id.) For Count 63, the TSI alleges Defendant Lori Kahre committed these acts of evasion from the statutory due date of April 15, 2001 "and continuing through at least May 2007." (Id. at ¶ 69.)

Defendant Loglia is charged in Counts 74, 75, and 76 with evasion of taxes for tax years 1998, 1999, and 2000. The TSI alleges that Defendant Loglia:

> committ[ed] the following affirmative acts of evasion, among others: agreeing with his employer to hide his income from the Internal Revenue Service, being paid in cash, engaging in a series of payroll transactions that concealed the true and correct amount of income earned by him, and concealing and attempting to conceal from all proper officers of the United States of America his true and correct income.

(TSI at ¶ 81.)  The TSI alleges that Defendant Loglia committed these acts of evasion from the statutory due dates upon which taxes were due through at least May 29, 2003.  (Id.)

On its face, therefore, Counts 61, 62, 63, 74, 75, and 76 of the TSI properly fall within the six-year statute of limitations period, as the statute of limitations would not expire until, at the earliest, May 29, 2009.  As the TSI was filed in November of 2007, these Counts of the TSI fall within the applicable statute of limitations.

Accordingly, this Court DENIES Defendant Lori Kahre's motion to dismiss Counts 61, 62, and 63 based on the statute of limitations and DENIES Defendant Loglia's motion to dismiss Counts 74, 75, and 76 based on the statute of limitations.[2]

---

[2]Because the Court finds that Counts 61, 62, 63, 74, 75, and 76 of the TSI fall within the applicable six-year statute of limitations, there is no need to address Defendants Lori Kahre and Loglia's arguments as to whether the statute of

(continued...)

II.     Multiplicity

Without any citation or argument, Defendant Lori Kahre suggests that Counts 61, 62, and 63 violate the rule against multiplicity.  (See Mot. at 3.) Although Defendant Lori Kahre has failed to sufficiently articulate her position, this Court will briefly address whether the TSI contains multiplicitous counts.  "An indictment is multiplicitous if it charges a single offense in more than one count." United States v. Awad, 551 F.3d 930, 937-38 (9th Cir. 2009) (citing United States v. Garlick, 240 F.3d 789, 793-94 (9th Cir. 2001)).  "The test for multiplicity is whether each count 'requires proof of a[n additional] fact which the other does not.'"  Garlick, 240 F.3d at 794 (quoting Blockburger v. United States, 284 U.S. 299, 304 (1932) )(wording alteration added by Garlick).

This Court presumes, from reading Defendant Lori Kahre's motion as a whole, that she finds Counts 61, 62, and 63 multiplicitous because the alleged continued acts of evasion extended through May 2003 or, in the case of Count 63,

---

[2](...continued)
limitations was tolled under the Pacheco rule.  See United States v. Pacheco, 912 F.2d 297, 304-05 (9th Cir. 1990) (finding if a superseding indictment broadens or substantially amends the charges in the original indictment, then the statute of limitations is not tolled as to those charges).

through May 2007.  In other words, Defendant Lori Kahre argues that the extension of the statute of limitations by alleging continuing affirmative acts of evading taxes up through May 2003 punishes her several times for the same actions.

The Court disagrees.  Each of Counts 61 through 68 allege evasion of taxes for a particular calendar year.  (TSI at 36-39.)  While Defendant Lori Kahre may have committed acts of evasion in subsequent years that extended the statute of limitations period, this does not obviate the Government's responsibility for proving that she (1) had a tax liability for that particular year and (2) committed an affirmative act or acts that constituted evasion of her liability.  In essence, it is as if her continuing failure to inform the IRS of her evasion constituted separate acts of evasion for each calendar tax year.  The Government will need to prove for each tax year that Defendant Lori Kahre engaged in evasion and continued to conceal her liability from the IRS.  Therefore, as each Count will require proof of an additional fact, i.e., Defendant Lori Kahre's tax liability for that year, the Counts are not multiplicitous.

CONCLUSION

For the reasons stated above, the Court DENIES Defendant Lori Kahre's motion to dismiss and DENIES Defendant Loglia's motion to dismiss and their related joinders.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 20, 2009.

_____
DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE

United States v. Kahre, et al., Case No. 2:05-cr-121 DAE (RJJ); ORDER DENYING DEFENDANT LORI KAHRE'S MOTION TO DISMISS COUNTS 61, 62, AND 63 OF THE 3RD SUPERSEDING INDICTMENT FOR VIOLATIONS OF THE STATUTE OF LIMITATIONS AND/OR MULTIPLICITY AND ORDER DENYING DEFENDANT ALEXANDER LOGLIA'S POST-MANDATE & REASSIGNMENT MOTION TO DISMISS COUNTS 74, 75, AND 76 OF THE 3RD SUPERSEDING INDICTMENT FOR VIOLATION OF THE STATUTE OF LIMITATIONS