IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES, | ) | Case No. 2:05-cr-121 DAE (RJJ) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ROBERT D. KAHRE, | ) | |
| ALEXANDER LOGLIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT ALEXANDER LOGLIA'S
POST-MANDATE & REASSIGNMENT MOTION TO DISMISS
THE INDICTMENT FOR VIOLATION OF CONTROLLING LAW
AND SEPARATION OF POWERS DOCTRINE

On April 13 through 15, 2009, the Court conducted hearings in the

instant case.  J. Gregory Damm, Assistant U.S. Attorney, and Christopher J.

Maietta, Trial Attorney, U.S. Department of Justice, appeared at the hearings on

behalf of the Government; Joel F. Hansen, Esq., appeared at various times at the

hearings on behalf of Defendant Alexander Loglia; William A. Cohan, Esq.,

appeared at the hearings on behalf of Defendant Robert Kahre; Lisa A. Rasmussen,

Esq., appeared at the hearings on behalf of Defendant Robert Kahre; Lynn

Panagakos, Esq., appeared at the hearings on behalf of Defendant Cline; and

Michael J. Kennedy, Assistant Federal Public Defender, appeared at the hearings

on behalf of Defendant Lori Kahre.  During these hearings, the Court announced that it intended to take several of the pending motions under advisement and would not hear oral argument thereon.  One of these motions was Defendant Alexander Loglia's Post-Mandate & Reassignment Motion to Dismiss the Indictment for Violation of Controlling Law and Separation of Powers Doctrine.  After reviewing the motion, joinders, and the supporting and opposing memoranda, the Court DENIES Defendant's Motion and related joinders.

<u>BACKGROUND</u>

The parties are well aware of the factual background of this case and so this Court will only recite those facts relevant to the instant motion.  Defendant Robert Kahre operates a number of contracting businesses in Clark County, Nevada.  These businesses cover a broad range of construction-related services, none of which withhold federal income or social security taxes from the wages paid to the staff.  Instead, Robert Kahre enters into independent contractor agreements with the staff and pays them in gold and silver bullion or coins.  The face value of the coins represented a fraction of their actual value, which was the amount the employees were due.  Immediately subsequent to receiving these coins, the employees exchanged them for envelopes of cash representing the worth of the coins, and thus, the value of their work.

Defendant Loglia worked for Defendant Kahre from 1997 through mid-2007.  He signed an "independent contractor agreement" with Defendant Kahre, which contained a provision for Defendant Loglia to be paid in post-1985 U.S. minted gold and silver coins (the "Coins") for services performed.  Because the face value of the Coins was less than the value of the services performed, the Government alleges that Defendant Loglia did not file accurate tax returns for several years.

On April 5, 2005, the United States filed two indictments against Robert Kahre, various family members, and other associates of his business, initiating the instant criminal case.  The defendants were charged with numerous counts of Willful Failure to Collect/Pay Over Tax, Conspiracy to Attempt to Evade or Defeat Tax, Attempt to Interfere with Administration of Internal Revenue Law, and Wire Fraud.

The United States prosecuted the criminal case, which began in May 2007 against Robert Kahre, Alexander Loglia, and seven other defendants.  On September 17, 2007, a jury returned no verdict as to any counts against defendants Robert Kahre, Lori Kahre, and Alexander Loglia.  (Doc. # 1626.)

On November 20, 2007, the United States filed a Third Superseding Criminal Indictment (the "TSI"), charging Robert Kahre and others with 79

criminal counts (59 counts as to Robert Kahre individually).  (Doc. # 1671.)  The

TSI charges Defendant Loglia with: (1) one count of conspiracy to defraud the

United States, in violation of 18 U.S.C. § 371; (2) one count of attempt to interfere

with the administration of the internal revenue law, in violation of 26 U.S.C.

§ 7212(a); (3) ten counts of attempt to evade or defeat tax, in violation of 26 U.S.C.

§ 7201; and (4) one count of filing a false income tax return, in violation of 26

U.S.C. § 7206(a).

On January 30, 2009, Defendant Loglia filed the instant motion to

dismiss.  (Doc. # 2162.)  Defendant Lori Kahre filed a joinder to the motion on

February 2, 2009.  (Doc. # 2165.)  Defendant Robert Kahre filed a joinder to the

motion on February 9, 2009.  (Doc. # 2173.)  Finally, on February 16, 2009,

Defendant Cline filed a joinder to the motion.  (Doc. # 2201.)  On March 6, 2009,

the Government filed a consolidated response to Defendants' second round of

motions, which included an opposition to the instant motion.  (Doc. # 2232 at 37-

42.)  Defendant Loglia filed his reply on March 23, 2009.  (Doc. # 2260.)

## STANDARD OF REVIEW

Pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure, a

party may file a motion to dismiss based on "any defense, objection, or request that

the court can determine without a trial of the general issue."  See United States v.

4

Shortt Accountancy Corp., 785 F.2d 1448, 1452 (9th Cir.), cert. denied, 478 U.S. 1007 (1986).  "An indictment is sufficient if it (1) 'contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend' and (2) 'enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'"  United States v. Lazarenko, 546 F.3d 593, 599 (9th Cir. 2008) (quoting Hamling v. United States, 418 U.S. 87, 117 (1974)).

In considering a motion to dismiss, a court is limited to the face of the indictment and must accept the facts alleged in that indictment as true.  Winslow v. United States, 216 F.2d 912, 913 (9th Cir.), cert. denied, 349 U.S. 922 (1955). "[A]n indictment 'should be read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied.'"  United States v. Berger, 473 F.3d 1080, 1103 (9th Cir. 2007) (quoting United States v. King, 200 F.3d 1207, 1217 (9th Cir. 1999)).

"The government need not allege its theory of the case or supporting evidence, but only the 'essential facts necessary to apprise a defendant of the crime charged.'"  United States v. Buckley, 689 F.2d 893, 897 (9th Cir. 1982) (quoting United States v. Markee, 425 F.2d 1043, 1047-48 (9th Cir.), cert. denied, 400 U.S. 847 (1970)).  In fact, an indictment that sets forth the charged offense in the words

of the statute itself is generally sufficient.  United States v. Johnson, 804 F.2d 1078, 1084 (9th Cir. 1986).

DISCUSSION

Defendant Loglia argues that the TSI should be dismissed because it is premised on a valuation of the Coins that is contrary to statutory law and Supreme Court case law, and violates the separation of powers doctrine.[1]

The Court notes at the outset that the underlying theory behind Defendant Loglia's arguments has been substantially dealt with by the Court in one of its orders of February 26, 2009.  (Doc. # 2226.)  In that order, the Court rejected Defendant Kahre's similar arguments that, for tax purposes, the Coins he used to pay workers of his various construction businesses should be valued at the face value, rather than fair market value.  Defendant Kahre's arguments were premised on the rule of lenity and principles of due process.  Although the instant motion filed by Defendant Loglia is based upon what he claims the law is with respect to valuation of gold and silver coins for tax purposes and the power of Congress to

---

[1]Defendant Loglia also argues the law of the case doctrine should not apply to orders involving similar issues that were filed by Judge Jones prior to this judge's appointment.  (Mot. at 1-3.)  As stated in this Court's order of February 26, 2009 (Doc. # 2224 at 7-10), the Court is declining to apply the law of the case doctrine to orders issued by Judge Jones and therefore will consider the merits of the instant motion objectively and independently.

legislate the value of money, the thrust of the two arguments are the same: both

Defendants assert that they cannot be charged for violating tax law when, they

claim, the law is clear that what they did is not illegal.  As such, the Court

incorporates its prior decision and will not expound on it in much greater detail.

That said, the Court reiterates that the Ninth Circuit has stated directly

that "[w]hen legal tender, by reason of its value to collectors or the intrinsic worth

of its contents, has a fair market value in excess of its face value or tender, then it

should be deemed property other than money . . ." for tax purposes.  Cordner v.

United States, 671 F.2d 367, 368 (9th Cir. 1982).  The Ninth Circuit then ruled that

because the coins were considered property, they must be taxed at fair market

value, despite the fact that the coins may have had a different numerated value

appearing on their face.  Id.

Likewise, in another Ninth Circuit case decided the same year, the

court held:

> "money" in [the tax code] refers to the currently
> circulating medium of exchange, while "property"
> includes coins that have, by reason of their value to
> collectors or the intrinsic worth of their contents, a fair
> market value in excess of their face value.

 Cal. Fed. Life Ins. Co. v. Comm'r, 680 F.2d 85, 86 (9th Cir. 1982).  The Ninth

Circuit went on to say that "[b]ecause the key element is the excess of market over

7

face value, it is immaterial that such coins may be legal tender at their face value."

Id. As such, California Federal stands for the proposition that those coins which have a value unrelated to their legal tender face value should be treated as property and valued at their fair market value for tax purposes, regardless of their possible use as money at face value.

Ninth Circuit case law is, therefore, clear that coins with value unrelated to their face value that are received as income should be reported at their market value for income tax purposes.[2]  Although Defendant Loglia spends a considerable amount of time arguing the error of these Ninth Circuit opinions in his reply brief, this Court is bound by Ninth Circuit precedent and therefore finds Defendant Loglia's motion to dismiss unpersuasive.  Defendant Loglia is charged in various counts with evasion of taxes for his under-reporting or failure to report income he received from Defendant Kahre.  From the face of his motion, it does not appear that Defendant Loglia disputes the Government's basic allegations as to his actions.  (See Mot. at 5-7, 20, 28-29.)  Instead, Defendant Loglia objects to the

---

[2]Income tax law supports this conclusion.  Gross income under the tax code includes compensation for services.  26 U.S.C. § 61(a)(1).  If a taxpayer receives property other than cash as compensation, the taxpayer's income is measured by the property's fair market value.  Treas. Reg. § 1.61-2(d)(1).  Because the essential exchange at issue here involved compensation for services performed, the Coins should have been reported at fair market value.

Government's use of the fair market value of the Coins in determining what taxes, if any, he owed.

Defendant Loglia's arguments are premised on two theories: (1) only Congress can regulate the value of money in the United States and it has explicitly done so; and (2) Congress has not delegated its authority to regulate the value of money to either the executive or judicial branches.  While there appears to be considerable debate in the literature as to the merit of Defendant Loglia's interpretation of the constitutionality of the United States monetary system, this Court is bound by the edicts of the Ninth Circuit.  <u>See, e.g.</u>, Michael Strong, <u>Rethinking the Federal Reserve System: A Monetarist Plan for a More Constitutional System of Central Banking</u>, 34 Ind. L. Rev. 371 (2001); Edwin Vieira, Jr., <u>The Forgotten Role of the Constitution in Monetary Law</u>, 2 Tex. Rev. L. & Pol. 77 (1998); John J. Chung, <u>Money as Simulacrum: The Legal Nature of Reality of Money</u>, 5 Hastings B. L.J. 109 (2009); Robert G. Natelson, <u>Paper Money and the Original Understanding of the Coinage Clause</u>, 31 Harv. J.L. & Pub. Pol'y 1017 (2008).  As such, considering the Ninth Circuit has spoken to the issue of how coins should be assessed for income tax purposes, the Court will rely on those rulings.  The Court likewise finds no merit in Defendant Loglia's

assertions that the Ninth Circuit precedent has been superseded by statute or is contrary to constitutional law and Supreme Court authority.

To the extent that Defendant Loglia argues the Ninth Circuit, as a court within the judicial branch, cannot define what value is assigned to gold and silver coins because Congress has not delegated its constitutional authority, this Court likewise rejects his theories.  Congress has delegated to the Internal Revenue Service the authority to prescribe "all needful rules and regulations" in order to tax citizens.  26 U.S.C. § 7805(a).  Within that power, the Supreme Court has recognized that "[s]uch rules and regulations, which undoubtedly affect individual taxpayer liability, are equally without doubt the result of entirely appropriate delegations of discretionary authority by Congress."  Skinner v. Mid-America Pipeline Co., 490 U.S. 212, 222 (1989).

> In an area as complex as the tax system, the agency
> Congress vests with administrative responsibility must be
> able to exercise its authority to meet changing conditions
> and new problems . . .Congress, the source of IRS
> authority, can modify IRS rulings it considers improper;
> and courts exercise review over IRS actions. In the first
> instance, however, the responsibility for construing the
> [Internal Revenue] Code falls to the IRS. Since Congress
> cannot be expected to anticipate every conceivable
> problem that can arise or to carry out day-to-day
> oversight, it relies on the administrators and on the courts
> to implement the legislative will.

Bob Jones Univ. v. United States, 461 U.S. 574, 596-597 (1983).

The IRS, therefore, has authority to issue rules and regulations regarding the tax liability of citizens and federal courts have the power to review those rules.  As such, the Ninth Circuit's decisions in Cordner and California Federal were proper exercises of authority and this Court is bound by them.

At the very least, the question of Defendant Loglia's tax liability is sufficient to survive a motion to dismiss.  The jury will hear the evidence and determine whether the Government has proven beyond a reasonable doubt that Defendant Loglia failed to report or under-reported his income taxes due.  "A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence."  United States v. Jensen, 93 F.3d 667, 669 (9th Cir. 1995).  Thus, where a claim is made that the indictment fails to state an offense, "the district court is bound by the four corners of the indictment . . . [and] the court must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged. . . . The Court should not consider evidence not appearing on the face of the indictment."  United States v. Boren, 278 F.3d 911, 914 (9th Cir. 2002) (citations omitted).  This is because Rule 12 may not be used to determine general issues of guilt or innocence, as that would conflate the respective provinces of the judge and jury.  Id.  In this case, the Government has

11

sufficiently alleged in its TSI that Defendant Loglia attempted to evade or defeat

tax and filed a false income tax return.

## CONCLUSION

For the reasons stated above, the Court DENIES Defendant Loglia's

motion to dismiss and related joinders.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 20, 2009.

_____
DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE


United States v. Kahre, et al., Case No. 2:05-cr-121 DAE (RJJ); ORDER
DENYING DEFENDANT ALEXANDER LOGLIA'S POST-MANDATE &
REASSIGNMENT MOTION TO DISMISS THE INDICTMENT FOR
VIOLATION OF CONTROLLING LAW AND SEPARATION OF POWERS
DOCTRINE