IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES, | ) | Case No. 2:05-cr-121 DAE (RJJ) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ROBERT D. KAHRE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING THE GOVERNMENT'S RENEWED
MOTION TO DISQUALIFY ATTORNEY WILLIAM A. COHAN

On May 11, 2009, the Court heard the Government's Renewed Motion to Disqualify Attorney William A. Cohan via video conference. J. Gregory Damm, Assistant U.S. Attorney, and Christopher J. Maietta, Trial Attorney, U.S. Department of Justice, appeared at the hearing on behalf of the Government; William A. Cohan, Esq., appeared at the hearing on behalf of Defendant Robert Kahre; Lisa A. Rasmussen, Esq., appeared at the hearing on behalf of Defendant Robert Kahre; Michael J. Kennedy, Assistant Federal Public Defender, appeared at the hearing on behalf of Defendant Lori Kahre; Lynn Panagakos, Esq., appeared at the hearing on behalf of Defendant Danille Cline; and Joel F. Hansen, Esq., appeared at the hearing on behalf of Defendant Alexander

Loglia.  At the hearing, the Court indicated it would not issue a written order on the motion and instead relied on its oral rulings on the record.  The Court finds, however, that given the nature of the motion and the interests implicated by potential conflicts of interest, the Court issues the following brief written order to more fully explain its reasoning and basis for its ruling.

After reviewing the motion and the supporting and opposing memoranda, the Court DENIES the Government's motion.

## BACKGROUND

The parties are well aware of the factual background of this case and so this Court will only recite those facts relevant to the instant motion.

On April 5, 2005, the United States filed two indictments against Robert Kahre, various family members, and other associates of his business.  The defendants were charged with numerous counts of Willful Failure to Collect/Pay Over Tax, Conspiracy to Attempt to Evade or Defeat Tax, Attempt to Interfere with Administration of Internal Revenue Law, and Wire Fraud.  Attorney William A. Cohan has represented Defendant Kahre in various capacities since 2003 and currently represents Defendant Kahre in the instant criminal prosecution.

At various times throughout this case, the Government has moved for either disqualification of Attorney Cohan or for an inquiry into potential conflicts

of interest.  (See Doc. ## 131, 142, 998, 1996, & 1876.)  Those motions were considered by the Court and denied.  (See Doc. # 1183.)

On March 10, 2008, the Court held a hearing following the Ninth Circuit's issuance of a stay of trial due to their consideration of a petition for a writ of mandamus.  At that hearing, the Court indicated that it was concerned actual conflicts of interest had arisen regarding Attorney Cohan's representation of Defendant Kahre.

As a result, on March 17, 2008, the Government filed the instant renewed motion to disqualify Attorney Cohan.  (Doc. # 1947.)  Defendant Kahre responded, by and through Attorney Cohan, on March 26, 2008.  (Doc. # 1961.)  Defendant Kahre then filed a supplemental response on April 1, 2008.  (Doc. # 1964.)  The Government never filed a reply.

Due to the Ninth Circuit's stay, the motion was not ruled upon by the Court.  On August 1, 2008, the Ninth Circuit issued an order granting the petition for writ of mandamus and reassigning the case to a different judge.  Kahre v. U.S. Dist. Court (*Jones*), 289 Fed. App'x 169, 170 (9th Cir. 2008).  As a result, the Ninth Circuit removed Judge Robert C. Jones, United States District Court for the District of Nevada, and assigned the case to this judge on August 26, 2008.

At the first hearing before this judge, the Government mentioned the instant motion was still pending from a time prior to reassignment. However, no further action was taken by the Government to pursue disqualification of Attorney Cohan.

## DISCUSSION

The Government's motion seeks the Court to "revisit" certain issues regarding potential conflicts of interest by Attorney Cohan. Specifically, the Government bases its motion on three grounds: (1) Judge Jones's comments at the March 10, 2008 hearing indicating he was concerned about conflicts of interest surrounding Attorney Cohan's representation of Defendant Kahre and his participation in a Joint Defense Agreement; (2) an unidentified Government witness's comments that Attorney Cohan's involvement in a related <u>Bivens</u> lawsuit[1] resulted in disclosure of confidential information and use by Attorney Cohan in cross-examination in the previous trial; and (3) averments by Attorney Cohan in relation to a previously-filed motion to sever trial that Attorney Cohan could not properly represent Defendant Kahre against Steven Rosenbaum, a former

---

[1] On October 30, 2003, Robert Kahre and others filed a civil suit, <u>Charles Allen, et al. v. J. Gregory Damm et al.</u>, Cv. No. 03-01358 DAE-RJJ ("<u>Bivens</u> case"), alleging constitutional violations arising out of government raids pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). (See <u>Bivens</u> case, Second Amended Compl., Doc. # 142.).

co-defendant. (Mot. at 2.) The Government specifically states that it recognizes that conflicts issues have been previously raised and ruled upon by the Court. (Id.) Nevertheless, it seeks to either disqualify Attorney Cohan or hold a hearing to inquire as to any potential or actual conflicts. (Id. at 3.)

The Sixth Amendment dictates that defendants are entitled to representation without conflicts of interest. See Garcia v. Bunnell, 33 F.3d 1193, 1995 (9th Cir. 1994). In general, a presumption exists in favor of a defendant's choice of counsel, which may be overcome "not only by a demonstration of actual conflict but by a showing of a serious potential for conflict." Wheat v. United States, 486 U.S. 153, 164 (1988). A conflict of interest exists where there are competing interests potentially affecting counsel's capacity to give undivided loyalty to his client's interests. See Cuyler v. Sullivan, 446 U.S. 335, 345-46 (1980).

In cases involving successive representation, "conflicts of interest may arise if the cases are substantially related or if the attorney reveals privileged communications of the former client or otherwise divides his loyalties." Hovey v. Ayers, 458 F.3d 892, 908 (9th Cir. 2006). A "disqualifying conflict" can arise when "information gained in confidence by an attorney becomes an issue." United States v. Henke, 222 F.3d 633, 637 (9th Cir. 2000).

5

While "mere possession of a former client's and co-defendants's privileged communications poses the precise potential for conflict," Fitzpatrick v. McCormick, 869 F.2d 1247, 1252 (9th Cir. 1989) (quoting Wheat, 813 F.2d at 1402), there has been no showing that such a theoretical potential has ripened into a serious potential for conflict in this case.  The Government's motion, three pages in length, presents little analysis or citation to the record on which this Court (and this judge) may assess Attorney Cohan's potential conflict.  The Government has not presented this Court with sufficient evidence of Attorney Cohan's alleged access to confidential information or any ways in which he has utilized such information.  Without such evidence, the Court is unable and unwilling to deprive Defendant Kahre of his lead counsel, with whom he has had an attorney-client relationship for over six years and who has ably represented Defendant Kahre in the instant criminal prosecution before this judge for over eight months.

Moreover, this Court has already ruled on a similar motion to disqualify Defendant Kahre's local counsel, Lisa A. Rasmussen.  (Doc. # 2105.)  Although different client relationships were involved with Attorney Rasmussen, the Court's finding as to the potential conflict deriving from the Joint Defense Agreement are pertinent here.  In that order, the Court held that no showing of a

serious potential conflict of interest had been established.  (Id. at 14.)  No such showing has been established against Attorney Cohan either.

## CONCLUSION

For the reasons stated above, the Court DENIES the Government's renewed motion to disqualify Attorney Cohan.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 12, 2009.

_____
DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE

United States v. Kahre, et al., Case No. 2:05-cr-121 DAE (RJJ); ORDER DENYING THE GOVERNMENT'S RENEWED MOTION TO DISQUALIFY ATTORNEY WILLIAM A. COHAN