IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 2:05-CR-121-DAE-RJJ-12 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ALEXANDER C. LOGLIA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING MOTION TO CORRECT CLERICAL ERRORS IN JUDGMENTS

On February 7, 2014, Defendant Alexander Loglia ("Defendant") filed a Motion to Correct Clerical Errors in Judgments. (Dkt. # 2853.) The Court finds this matter suitable for disposition without a hearing pursuant to District of Nevada Local Rule 78-2. For the reasons that follow, the Court **DENIES** Defendant's Motion.

BACKGROUND

On August 14, 2009, a jury found Defendant guilty on counts 69–79 of the Third Superseding Indictment. ("Judgment," Dkt. # 2624; see also Minute Entry of Jury Trial Day 48, Dkt. # 2558.) The Third Superseding Indictment charged Defendant with ten instances of willful attempt to evade or defeat tax, in violation of 26 U.S.C. § 7201 (Counts 69–72, 74–79) and one instance of willfully

filing a false income tax return, in violation of 26 U.S.C. § 7206(1) (Count 73). (Dkt. # 1671.)

On November 18, 2009, this Court held a sentencing hearing. After ruling on Defendant's objections, the Court sentenced Defendant to twenty-six months imprisonment for Counts 69–72, 74–79 and 73, with all such terms to run concurrently. (Judgment at 3; see also Minutes of Sentencing Proceeding ("Mins."), Dkt. # 2608 at 1.) Defendant indicated that he wished to serve his sentence in Fort Dix, New Jersey, and in the alternative, Allentown, Pennsylvania; as such, this Court made a judicial recommendation for both placements. (Judgment at 3; see also Mins. at 3.)

The Court also ordered three years of supervised release for Counts 69–72 & 74–79, and 73, with all such terms to run concurrently. (Judgment at 4; see also Mins. at 1.) The Court instructed Defendant that during his three-year term of supervised release, he was required to abide by the following conditions:

1. Defendant shall abide by the standard conditions of supervision.
2. Defendant shall not commit any federal, state, or local crimes.
3. Defendant shall not possess illegal controlled substances.
4. Defendant shall cooperate in the collection of DNA as directed by the probation officer.

5. Defendant shall refrain from any unlawful use of a controlled substance.[1]

6. Defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

7. Defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision.  Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

8. Defendant is prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the Probation Office.

9. Defendant shall execute all financial disclosure forms and provide the Probation Office access to any requested financial information, including personal income tax returns, authorization for release of credit information, and any other business financial information in which he has a control or interest.

10. Defendant shall cooperate and arrange with the Internal Revenue Service to pay all past and present taxes, interest, and penalties owed.  Defendant shall file timely, accurate, and lawful income tax returns and show proof of same to the Probation Office.

11. Defendant shall report, in person, to the Probation Office in the district in which he is released within 72 hours of discharge from custody.

12. That restitution of $83,000.00 is due immediately to Internal Revenue Service, Attn: MPU, Stop 151 (Restitution), PO Box 47-

---

[1] The Court waived the drug testing requirement.  (Judgment at 4.)

>421, Doraville, GA 30362, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income. Interest is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

(Judgment at 4; see also Mins. at 1–2.)

The Court did not impose a fine, but ordered Defendant to pay a special assessment of $1,100.00 ($100.00 as to each count). (Judgment at 6; see also Mins. at 1.) The Court also ordered $83,000.00 (plus accruing interest) in restitution to the Internal Revenue Service—payable immediately. (Judgment at 6; see also Mins. at 2.) The Court waived the accruing interest while Defendant served his term of imprisonment, but noted that the interest shall commence to accrue on any remaining balance upon his release on supervision. (Id.)

The Court advised Defendant of his right to appeal. Defendant then joined Co-Defendant Lori A. Kahre's Motion for Bond pending his appeal pursuant to 18 U.S.C. § 3143(b) (Dkt. # 2569), which the Court granted. (Mins. at 3.) Since Defendant's sentencing on November 18, 2009, Defendant has been free on bond.

On December 5, 2013, the Ninth Circuit Court of Appeals affirmed the judgment of this Court and thus affirmed Defendant's convictions and

sentence.  (Dkt. # 2849; United States v. Kahre, 737 F.3d 554, 583 (9th Cir. 2013).)  On February 6, 2014, the Ninth Circuit denied Defendant's Petition for Rehearing En Banc.  (Dkt. # 2852.)

The following day, Defendant filed a Motion to Correct Clerical Errors in Judgments that is currently before the Court.  ("Mot.," Dkt. # 2853.)  On February 24, 2014, the United States filed a Response, (Dkt. # 2859), to which Defendant filed a Reply (Dkt. # 2861).  On March 3, 2014, Co-Defendant Robert Kahre filed a Reply to the Government's Response.  (Dkt. # 2860.)

## DISCUSSION

Defendant's Motion makes two requests pursuant to Federal Rule of Criminal Procedure 36, which allows a court to correct clerical mistakes in judgments.  First, Defendant asks this Court to amend Co-Defendant Robert Kahre's judgment and remove any reference to Defendant being jointly and severally liable for the $10,891,791.72 restitution amount applicable to Defendant Kahre.  (Mot. at 1, 5–7.)  Second, Defendant asks that his judgment be amended to remove any reference to his restitution being due immediately to the Internal Revenue Service.  (Id. at 1, 7–8.)

As a preliminary matter, the Court clarifies the type of error required to correct a judgment, as opposed to another document in the record.  Federal Rule

of Criminal Procedure 36 states: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Rule 36 separates the types of errors that may warrant correction: a court may only correct a <u>clerical</u> error in the <u>judgment</u>, while a court can correct errors <u>in the record</u> that arose from <u>oversight or omission</u>. <u>United States v. Bennett</u>, 423 F.3d 271, 277 n.4 (3d Cir. 2005) (emphases added). Moore's Federal Practice summarizes the dichotomy:

> While Rule 36 allows a court to correct clerical errors or errors of oversight or omission "in the record," it only allows correction of clerical errors in the judgment or order. This difference in language is important. While Rule 36 provides a broad mandate to correct a variety of errors in ancillary parts of the record—the dates of documents, the indictment, etc.—it provides only a strictly limited authority to correct the court's judgment or order. The judgment of a court, unlike the rest of the court's record, has legal effect; substantive changes to the judgment may normally be made only by appellate review or similar procedures.

26 James Wm. Moore et al., <u>Moore's Federal Practice</u> ¶ 636.02[3] (3d ed. filed through 2005). Accordingly, only a clerical error—as opposed to an oversight or omission—can justify amending a judgment.

        To determine what constitutes a "clerical error," the Court first examines Rule 36's Advisory Committee Note, which states that "[t]his rule

continues existing law," citing Rupinski v. United States, 4 F.2d 17 (6th Cir. 1925). Fed. R. Crim. P. 36 advisory committee's note. In Rupinski, count 3 of an indictment had been dismissed. However, "the journal of the court, through an error on the part of the clerk, recite[d] the dismissal of count 2." Id. at 18. The Sixth Circuit affirmed the correction of the record under the "well-recognized exception in the case of mere clerical errors." Id. More recent cases and commentary flesh out the parameters of Rule 36 and demonstrate that this exception does not apply to judicial errors made by the court itself. E.g., United States v. Penna, 319 F.3d 509, 513 (9th Cir. 2003) ("Rule 36 is a vehicle for correcting clerical mistakes but it may not be used to correct judicial errors in sentencing."); United States v. Burd, 86 F.3d 285, 288 (7th Cir. 1996) ("A clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature."); United States v. Ferguson, 918 F.2d 627, 630 (6th Cir. 1990) (holding that substantive alterations in sentences are "not within the ambit of Rule 36"); United States v. Kaye, 739 F.2d 488, 491 (9th Cir. 1984) ("[I]f the error or omission is indeed a judicial error, rather than a clerical mistake, it is not within the purview of [Rule 36]."); United States v. Jones, 608 F.2d 386, 389 (9th Cir. 1979) ("Rule 36 was not intended to allow reassessment of the merits of an earlier

decision after the time for reconsideration or appeal has lapsed."). Essentially, there must be an appreciable difference between the oral pronouncement of a sentence and the written judgment to sustain an amendment of a judgment under Rule 36; otherwise, it was likely not a "clerical error" within the meaning of the Rule. Charles A. Wright, Federal Practice and Procedure: Criminal 2d § 611 (1982) ("An error arising from oversight or omission by the court, rather than through a clerical mistake, is not within the purview of [Rule 36]." (citing Nicholson v. United States, 303 F.2d 161 (9th Cir. 1962)); see also Bennett, 423 F.3d at 277–78 ("A clerical error involves a failure to accurately record a statement or action by the court or one of the parties.").

If the error in the judgment is clerical in nature, Rule 36 allows the court to amend such a mistake; if, however, the error is not a clerical one, the court is without authority to amend the judgment. See United States v. Ceballos, 671 F.3d 852, 854 (9th Cir. 2011) (holding that because the error was not clerical, "the district court had no authority to amend the sentence after entry of the judgment and commitment order").

With the strictures of Rule 36 in mind, this Court turns to Defendant's requests to amend his and Robert Kahre's judgments.

I.   Amending Kahre's Judgment to Remove the "Joint and Several" $10,891,791.72 Restitution

Defendant first argues that the judgment of Co-Defendant Robert Kahre—not the judgment of Defendant—should be corrected to eliminate any reference to Defendant being jointly and severally liable for the $10,891,791.72 restitution.  (Mot. at 5–7.)  Page 10 of Kahre's judgment reads:

> That restitution of $16,060,104.72 of which $10,891,791.72 is joint and several with co-defendants, is due immediately to Internal Revenue Service, Attn: MPU, Stop 151 (Restitution), PO Box 47-421, Doraville, GA 30362, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income.  Interest is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.
>
> . . . .
>
> The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.
>
> [✓] Joint and Several
>
> Defendant and Co-Defendant Names and Case Numbers (including defendant number, Total Amount, Joint and Several Amount, and corresponding pay, if appropriate.  See Next Page

(Dkt. # 2615 at 10.)  On the following page, Kahre's judgment states:

9

ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD
JOINT AND SEVERAL

| Case Number<br>Defendant and Co-Defendant Names | Joint and Several Amount |
|---|---|
| Lori Kahre aka Donna Hall | $10,891,791.72 |
| Alexander Loglia | $10,891,791.72 |

(Id. at 11.)

It is understandable that Defendant, who is now represented by different counsel than at the time of sentencing, believes that he is responsible for $10,891,791.72 in restitution.  However, Defendant overlooks a critical portion of Kahre's judgment which appears just before the "joint and several" portion: "The defendant [Kahre] shall receive credit for all payments previously made toward any criminal monetary penalties imposed."  (Id. at 10 (emphasis added).)  This critical passage in Kahre's judgment providing that he "shall receive credit" affirms that Defendant's $83,000 in restitution will be used to satisfy the $10,891,791.72 that Kahre owes.  Indeed, the Presentence Investigation Report for Robert Kahre confirms that the "joint-and-several" portion of Kahre's judgment relates to Kahre's ability to receive credit for Lori Kahre's and Defendant's restitution payments:

10

> Additionally, the defendant is jointly and severally responsible for $10,891,791.72 that Robert David Kahre failed to withhold from his employees' wages. This amount may be ordered as restitution payable to the Internal Revenue Service, jointly and severally with the co-defendants in this case, <u>to avoid double counting this loss amount with the other co-defendants</u>.

(Presentence Investigation Report at 22 (emphasis added).) While the Court agrees that Kahre's judgment could have more clearly indicated that Defendant was only liable for the $83,000 in restitution and that this amount could be used to satisfy Kahre's $10,891,791.72 in restitution, the Court now affirms as much in this Order. Thus, the addition of Defendant's name in Kahre's judgment was not in error—much less a clerical error.

In any event, Defendant's argument is moot because the Internal Revenue Service is only seeking the $83,000 restitution that this Court imposed at the sentencing proceedings and memorialized in the judgment. (<u>See</u> Dkt. # 2855-1, Ex. E ("Our records reflect you were ordered by the U.S. District Court to pay restitution as indicated below: Restitution Amount Ordered $83,000.").)

II.    <u>Amending Defendant's Judgment to Remove the Phrase, "Due Immediately"</u>

Defendant next contends that his judgment incorrectly states that his $83,000 in restitution is "due immediately to Internal Revenue Service." (Mot. at 7–8.) Defendant argues that "the Court acknowledged that Mr. Loglia's $83,000 in

11

restitution could only be imposed as a condition of supervised release" and cites to a passage from the transcript of his sentencing proceeding wherein the Court stated, "I think that's what they [the government] are talking about here, though, is that I should order restitution premised on as a condition of supervised release." (Id. at 8 (citing Sentencing Hr'g Tr. 21–22 Nov. 18, 2009, Dkt. # 2853-1).)

However, the Court did not "acknowledge" that restitution could only be imposed as a condition of supervised release. Instead, the Court stated that it would "consider . . . [Defendant's] argument regarding restitution when we get to that point in the sentence." (Sentencing Hr'g Tr. 22:22–24 Nov. 18, 2009, Dkt. # 2853-1.) When the Court returned to the restitution discussion, Defendant did not argue that restitution could only be imposed as a condition of supervised release. Instead, he only argued that the $121,000 restitution figure, the amount the probation officer recommended, overstated his tax liability. (See id. 29:4–30:16.) The Court agreed with Defendant and only imposed restitution in the amount of $83,000, which the Court noted was a "fair and appropriate amount and payable by Mr. Loglia, given his professional qualifications." (Id. 42:15–17.) The Court never made a finding that Defendant's restitution could only be imposed as a condition of supervised release. And the lack of that particular finding is dispositive in a Rule 36 inquiry as "Rule 36 authorizes a court to correct only

12

clerical errors in the transcription of judgments, not to effectuate its <u>unexpressed intentions at the time of sentencing</u>." United States v. Werber, 51 F.3d 342, 343 (2d Cir. 1995) (emphasis added).

Contrary to Defendant's understanding of the Court's restitution order, the written judgment's inclusion of the phrase "due immediately to Internal Revenue Service" reflects the Court's prior determination that Defendant must pay his court-ordered restitution while incarcerated.[2]  This was not a clerical error within the meaning of Rule 36,[3] and as such, the Court lacks authority to amend Defendant's judgment.  See Ceballos, 671 F.3d at 854.

---

[2] Indeed, the Court ordered that each defendant who was required to pay restitution must pay the restitution "immediately." (See "R. Kahre's Judgment," Dkt. # 2615 at 10 ("That restitution of $16,060,104.72 of which $10,891,791.72 is joint and several with co-defendants, is <u>due immediately</u> to the Internal Revenue Service . . . ." (emphasis added)); "L. Kahre's Judgment," Dkt. # 2623 at 7 ("That restitution of $31,900.00 is <u>due immediately</u> to Internal Revenue Service . . . ." (emphasis added)).)  The existence of the phrase "due immediately" in the other defendant's judgments is additional evidence that the Court purposefully ordered the restitution payable immediately in Defendant's judgment.

[3] Defendant seems to acknowledge that this was not a clerical error because his briefing makes substantive arguments as to why 18 U.S.C. §§ 3583(d) and 3663 only authorize restitution for Title 26 tax crimes as a condition of supervised release.  (See Mot. at 7–8 (citing United States v. Elias, 269 F.3d 1003, 1021 (9th Cir. 2001); United States v. Gottesman, 122 F.3d 150 (2d Cir. 1997)).)  However, to the extent that Defendant disagrees with the Court's ruling, his disagreements should not be conveyed in a Rule 36 Motion because "Rule 36 is a vehicle for correcting <u>clerical</u> mistakes but it may not be used to correct judicial errors in sentencing.  Penna, 319 F.3d at 513; see also United States v. Dickie, 752 F.2d

But even if Defendant felt that this Court's judgment incorrectly mandated that Defendant begin paying restitution immediately, he was not without recourse earlier in the proceedings. Federal Rule of Criminal Procedure 35(a) states: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). As Rule 35(a) expressly provides, Defendant could have filed a motion to correct his sentence under Rule 35 <u>fourteen days</u> after sentencing. However, he elected to wait over <u>four years</u> to file his motion. His decision to delay his motion has divested this Court of the jurisdictional power to amend his sentence to remove the "payable immediately" designation. <u>United States v. Aguilar-Reyes</u>, 653 F.3d 1053, 1055 (9th Cir. 2011) ("[T]he fourteen-day deadline is jurisdictional, thus divesting the district court of the power to amend the sentence after fourteen days.").

However, to the extent that Defendant is concerned that he will have to pay substantial restitution while he is incarcerated, his concerns can be allayed by 18 U.S.C. § 3664(k), which allows for an adjustment of a restitution payment schedule based on economic circumstances. <u>See</u> 18 U.S.C. § 3664(k) ("A restitution order shall provide that the defendant shall notify the court and the

---

1398, 1400 (9th Cir. 1985) ("[T]he district court has no discretionary authority under Rule 36 to correct its own errors in imposing an otherwise valid sentence.").

Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, <u>adjust the payment schedule</u>, or require immediate payment in full, as the interests of justice require." (emphasis added)).

## CONCLUSION

For the reasons outlined above, the Court **DENIES** Defendant's Motion to Correct Clerical Errors in Judgments (Dkt. # 2853).

IT IS SO ORDERED.

DATED: Las Vegas, Nevada, March 10, 2014.

_____

David Alan Ezra
Senior United States Distict Judge

15