IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 2:05-CR-121-DAE-RJJ-12 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ALEXANDER C. LOGLIA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER SETTING SELF-SURRENDER DATE TO REPORT TO FEDERAL
BUREAU OF PRISONS

On August 14, 2009, a jury found Defendant Alexander C. Loglia

("Defendant") guilty on counts 69–79 of the Third Superseding Indictment.

("Judgment," Dkt. # 2624; see also Minute Entry of Jury Trial Day 48, Dkt.

# 2558.)  The Third Superseding Indictment charged Defendant with ten instances

of willful attempt to evade or defeat tax, in violation of 26 U.S.C. § 7201 (Counts

69–72, 74–79) and one instance of willfully filing a false income tax return, in

violation of 26 U.S.C. § 7206(1) (Count 73).  (Dkt. # 1671.)

On November 18, 2009, this Court held a sentencing hearing.  After

ruling on Defendant's objections, the Court sentenced Defendant to 26 months

1

imprisonment for Counts 69–72, 74–79 and 73, with all such terms to run concurrently.  (Judgment at 3; see also Minutes of Sentencing Proceeding "Mins.," Dkt. # 2608 at 1.)  Defendant indicated that he wished to serve his sentence in Fort Dix, New Jersey and in the alternative, Allentown, Pennsylvania; as such, this Court made a judicial recommendation for both placements.  (Judgment at 3; see also Mins. at 3.)

The Court also ordered three years of supervised release for Counts 69–72 & 74–79, and 73, with all such terms to run concurrently.  (Judgment at 4; see also Mins. at 1.)  The Court instructed Defendant that during his three-year term of supervised release, he was required to abide by the following conditions:

1. Defendant shall abide by the standard conditions of supervision.

2. Defendant shall not commit any federal, state, or local crimes.

3. Defendant shall not possess illegal controlled substances.

4. Defendant shall cooperate in the collection of DNA as directed by the probation officer.

5. Defendant shall refrain from any unlawful use of a controlled substance.[1]

6. Defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

7. Defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S.

---

[1] The Court waived the drug testing requirement.  (Judgment at 4.)

2

Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision.  Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

8.  Defendant is prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the Probation Office.

9.  Defendant shall execute all financial disclosure forms and provide the Probation Office access to any requested financial information, including personal income tax returns, authorization for release of credit information, and any other business financial information in which she has a control or interest.

10. Defendant shall cooperate and arrange with the Internal Revenue Service to pay all past and present taxes, interest, and penalties owed.  Defendant shall file timely, accurate, and lawful income tax returns and show proof of same to the Probation Office.

11. Defendant shall report, in person, to the Probation Office in the district in which she is released within 72 hours of discharge from custody.

12. That restitution of $83,000.00 is due immediately to Internal Revenue Service, Attn: MPU, Stop 151(Restitution), PO Box 47-421, Doraville, GA 30362, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income.  Interest is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

(Judgment at 4; see also Mins. at 1–2.)

3

The Court did not impose a fine, but ordered Defendant to pay a special assessment of $1,100.00 ($100.00 as to each count).  (Judgment at 6; <u>see also</u> Mins. at 1.)  The Court also ordered Defendant to pay $83,000.00 (plus accruing interest) in restitution to the Internal Revenue Service.  (Judgment at 6; <u>see also</u> Mins. at 2.)  The Court waived the accruing of interest while Defendant serves his term of imprisonment, but noted that the interest shall commence to accrue on any unpaid remaining balance upon his release on supervision.  (<u>Id.</u>)

The Court advised Defendant of his right to appeal.  Defendant then joined Defendant Lori A. Kahre's Motion for Bond pending his appeal pursuant to 18 U.S.C. § 3143(b) (Dkt. # 2569), which the Court granted.  (Mins. at 3.)  Since Defendant's sentencing on November 18, 2009, Defendant has been free on bond.

On December 5, 2013, the Ninth Circuit Court of Appeals affirmed the judgment of this Court and thus affirmed Defendant's convictions and sentence.  (Dkt. # 2849; <u>United States v. Kahre</u>, 737 F.3d 554, 583 (9th Cir. 2013).)  On February 6, 2014, the Ninth Circuit denied Defendant's Petition for Rehearing En Banc.  (Dkt. # 2852.)

Accordingly, the Court **ORDERS** Defendant to self-surrender for service of sentence on **<u>June 7, 2014</u>** before **<u>12:00 noon</u>** local time at the institution designated by the Federal Bureau of Prisons.  The Court also reaffirms its prior

4

judicial recommendation for Fort Dix, New Jersey, and in the alternative,

Allentown, Pennsylvania.

       IT IS SO ORDERED.

       DATED: Las Vegas, Nevada, March 10, 2014.

_____
David Alan Ezra
Senior United States District Judge