IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | CR NO. 2:05-CR-121-DAE-RJJ-12 |
| Plaintiff, | § | |
| v. | § | |
| ALEXANDER LOGLIA, | § | |
| Defendant. | § | |

ORDER DENYING MOTION FOR RELEASE OF U.S. PASSPORT

Before the Court is a Motion for Release of U.S. Passport, filed by Defendant Alexander Loglia ("Defendant") on June 19, 2015 (Dkt. # 2883). Defendant was convicted by jury in August 2009 of ten counts of tax evasion and one count of filing a false income tax return. In November 2009, Defendant was sentenced to 26 months in prison, followed by three years of supervised release. The Court allowed Defendant to remain free on bond pending appeal, contingent upon several conditions, including surrendering his U.S. passport to Pretrial Services. On December 5, 2013, the Ninth Circuit affirmed Defendant's conviction and sentence, and Defendant self-surrendered to Federal Bureau of Prisons custody on August 4, 2014.

Defendant requests the return of his surrendered U.S. passport, which expired on June 21, 2008. (Dkt. # 2883; Dkt. # 2885 at 2.) He argues that because

1

his passport was issued more than 15 years ago, he will have to apply in person to have a new passport issued. (Dkt. # 2885 at 2.) He contends that he will not apply for renewal until he completes his current prison term, but a return of his passport in the interim will streamline his renewal process after his release. (Id.)

The Government opposes the request, arguing that Defendant will remain in custody until at least June 2016, after which he will serve a three-year term of supervised release, the terms of which prohibit international travel without prior authorization from his probation officer and/or the Court. (Dkt. # 2884 at 2.) The Government further argues that retaining the passport will help ensure that Defendant remains in the United States once he begins serving his term of supervised release. (Id.) The Government contends that once Defendant has completed his supervised release term, the Court can order the release of his passport and Defendant can apply for a new passport. (Id. at 3.)

According to a July 21, 2005 memorandum from the Administrative Office of the United States Courts entitled "Passport Notices and Disposition of Surrendered Passports (INFORMATION)," Pretrial Services should retain surrendered passports "pending their use as evidence or the disposition of charges," and then, absent a court order to the contrary, dispose of surrendered passports by return to the Department of State.

The Court does not see a valid reason to release Defendant's passport at this time. The passport is no longer valid, and Defendant will have to appear in person to renew his passport regardless of whether the passport is in his possession. How to Apply for a Passport, United States Department of State, http://travel.state.gov/content/passports/english/passports/apply.html (last visited Sept. 1, 2015). At that time, Defendant will have several other alternatives to prove his identity apart from providing a copy of his previously issued passport. Id. Accordingly, the Court finds no cause to release Defendant's passport and **DENIES** Defendant's Motion (Dkt. # 2883). See Barth v. United States, No. CIV. 3:01-CV-1704(AHN), 2002 WL 32086512, at *2–3 (D. Conn. Dec. 10, 2002) (denying the defendant's motion to release passport, citing to policy from the Administrative Office of the U.S. Courts).

**IT IS SO ORDERED.**

**DATED**: Las Vegas, Nevada, September 1, 2015.

_____
David Alan Ezra
Senior United States Distict Judge