UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| vs. | § | NO. 2:05-CR-121-DAE |
| | § | |
| ALEXANDER C. LOGLIA, | § | |
| Defendant-Petitioner. | § | |

**ORDER (1) DENYING MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE AND CONVICTION, AND (2) DENYING
CERTIFICATE OF APPEALABILITY**

Before the Court is a Motion to Vacate, Set Aside, or Correct
Sentence and Conviction Pursuant to 28 U.S.C. § 2255 filed by Alexander C.
Loglia ("Loglia" or "Defendant-Petitioner"). (Dkt. # 2887.) Upon careful
consideration of the briefs filed in support of and in opposition to the Motion, the
Court—for the reasons that follow—**DENIES** Defendant-Petitioner's Motion to
Vacate, Set Aside, or Correct Sentence and Conviction (Dkt. # 2887).

BACKGROUND

On November 20, 2007, the Government filed a Third Superseding
Indictment against Defendant-Petitioner. (Dkt. # 1671.) The Indictment alleged,
*inter alia*, that Defendant-Petitioner engaged in a conspiracy to avoid the payment
of payroll and income taxes by utilizing a payroll system pursuant to which
employees received their wages in gold and silver coins, which were later

1

exchanged for cash.  (Id.)  The indictment charged Defendant-Petitioner with one

count for conspiracy in violation of 18 U.S.C. § 371; one count for attempting to

interfere with the administration of internal revenue laws in violation of 26 U.S.C.

§ 7212(a); ten counts for attempting to evade or defeat taxes in violation of 26

U.S.C. § 7201; and one count for filing a false income tax return in violation of 26

U.S.C. § 7206(1).  (Id.)

       On August 14, 2009, a jury found Defendant-Petitioner guilty on all

counts, except count one for conspiracy in violation of 18 U.S.C § 371.  (Dkt.

# 2520.)  On November 18, 2009, this Court sentenced Defendant-Petitioner to

twenty-six (26) months' imprisonment and three years' supervised release.  (Dkt.

# 2624.)  As a special condition of supervised release, the Court ordered

Defendant-Petitioner to make restitution in the amount of $83,000.00 to the

Internal Revenue Service ("IRS").  (Id.)

       On December 5, 2013, in a published opinion, the United States Court

of Appeals for the Ninth Circuit affirmed in all respects and held, *inter alia*, that:

(1) Defendant-Petitioner had ample notice that his payroll scheme triggered

requirements to remit payroll taxes to the IRS; (2) Defendant-Petitioner failed to

present clear and convincing evidence of prosecutorial misconduct; (3) the trial

court's exclusion of evidence did not improperly dilute the Government's burden

of proof or preclude a complete defense; (4) the trial court's conduct did not

demonstrate partiality that would warrant reversal of the conviction; and

(5) sufficient evidence existed to support the trial court's finding that Defendant-Petitioner's employees were not independent contractors.  See United States v. Kahre, 737 F.3d 554 (9th Cir. 2013).  On October 6, 2014, the Supreme Court of the United States denied Defendant-Petitioner's petition for a writ of certiorari. (Dkt. # 2875.)

On October 4, 2015, Defendant-Petitioner filed a 181-page motion pursuant 28 U.S.C. § 2255 collaterally attacking his conviction and sentence.  (Dkt. # 2887.)  In his motion, Defendant-Petitioner asserts seven grounds for relief: (1) his Sixth Amendment right to effective assistance of counsel was violated by trial counsel's failure to object to this Court's application of an obstruction of justice enhancement at sentencing; (2) his Sixth Amendment right to effective assistance of counsel was violated by trial counsel's failure to object to the imposition of restitution, and appellate counsel's failure to argue the issue on direct appeal; (3) his Sixth Amendment right to effective assistance of counsel was violated by trial counsel's failure to object and argue that his Fifth and Fourteenth Amendment rights were violated when the Government struck an African-American juror; (4) his Sixth Amendment right to effective assistance of counsel was violated by trial counsel's failure to object to various jury instructions, and appellate counsel's failure to raise the issue on direct appeal; (5) his Sixth

3

Amendment right to effective assistance of counsel was violated by trial and appellate counsel's failure to object to, argue, and timely seek to correct Counts 69−72 of the Third Superseding Indictment; (6) jury instruction number 48 violated his due process and 6th Amendment rights; and (7) his Sixth Amendment right to effective assistance of counsel was violated by trial counsel's and appellate counsel's cumulative errors.  (Id.)

On July 31, 2016, Defendant-Petitioner filed a supplement to his § 2255 motion.  (Dkt. # 2924.)  The Court ordered the Government to respond, which it did on October 27, 2016 (Dkt. # 2940), and Defendant-Petitioner filed his reply on November 21, 2016 (Dkt. # 2944).

## LEGAL STANDARDS

I.   Motions to Vacate Pursuant to 28 U.S.C. § 2255

Upon motion by a prisoner in custody under a sentence of a United States court, federal law requires a court to vacate and set aside a judgment and discharge the prisoner, resentence the prisoner, grant a new trial, or correct the sentence, if the court finds any one of the following: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.  Section 2255 "is not designed to provide criminal

defendants multiple opportunities to challenge their sentence." United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993). Accordingly, collateral attacks pursuant to § 2255 are subject to certain constraints.

First, federal prisoners are barred from raising claims on collateral review that they could have raised on direct appeal but did not, unless the Government waives the procedural default defense by failing to raise it. United States v. Swisher, 811 F.3d 299, 307 (9th Cir. 2016) (citing Bousley v. United States, 523 U.S. 614, 621 (1998)). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' or that he is 'actually innocent.'" United States v. Braswell, 501 F.3d 1147, 1149 (9th Cir. 2007) (citing Bousley, 523 U.S. at 622). To show "cause," a petitioner must "show that some objective factor external to the defense" impeded compliance with the procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). "Such objective impediments to compliance with a procedural rule [requires] a showing that the factual or legal basis for a claim was not reasonably available . . . or that some interference by officials made compliance impracticable." Id. (internal citations omitted). If cause is shown, the prejudice prong of the test requires a showing "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire

5

trial with error of constitutional dimensions."  Braswell, 501 F.3d at 1149 (quoting

United States v. Frady, 456 U.S. 152, 170 (1982)).

Second, "issues disposed of on a previous direct appeal are not

reviewable in a subsequent § 2255 proceeding."  Garcia v. United States, 61 F.3d

910, 910 (9th Cir. 1995) (citing United States v. Currie, 589 F.2d 993, 995 (9th

Cir. 1979)); see also United States v. Hayes, 231 F.3d 1132, 1139 (9th Cir. 2000)

("When a defendant has raised a claim and has been given a full and fair

opportunity to litigate it on direct appeal, that claim may not be used as a basis for

a subsequent § 2255 petition.").

Finally, the Ninth Circuit consistently holds that "a § 2255 petitioner

cannot challenge nonconstitutional sentencing errors if such errors were not

challenged in an earlier proceeding."  United States v. McMullen, 98 F.3d 1155,

1157 (9th Cir. 1996) (citing United States v. Schlesinger, 49 F.3d 483, 485 (9th

Cir. 1995)); see also Koliopoulos v. United States, Civ. No. 08-00567-ACK, 2009

WL 874523, at *3 (D. Haw. Apr. 2, 2009).

II.    Ineffective Assistance of Counsel

The Supreme Court has recognized that ineffective assistance of

counsel claims may be raised for the first time in a collateral proceeding under

§ 2255.  Massaro v. United States, 538 U.S. 500, 504 (2003).  The Supreme

Court's decision in <u>Strickland v. Washington</u> provides the two-pronged test for

establishing a claim of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was
> deficient. This requires showing that counsel made errors so
> serious that counsel was not functioning as the "counsel"
> guaranteed the defendant by the Sixth Amendment.  Second,
> the defendant must show that the deficient performance
> prejudiced the defense. This requires showing that counsel's
> errors were so serious as to deprive the defendant of a fair trial,
> a trial whose result is reliable. Unless a defendant makes both
> showings, it cannot be said that the conviction . . . resulted from
> a breakdown in the adversary process that renders the result
> unreliable.

466 U.S. 668, 687 (1984).  Under the first prong, a petitioner must demonstrate

that his trial counsel's performance fell below an objective standard of

reasonableness.  <u>Id.</u> at 687−88.  Such an assessment must be made "from counsel's

perspective at the time," so as "to eliminate the distorting effects of hindsight."

<u>Id.</u> at 689.  In assessing a trial counsel's performance, there is a "strong

presumption that counsel's conduct falls within the wide range of reasonable

professional assistance," and hence "[j]udicial scrutiny of counsel's performance

must be highly deferential."  <u>Id.</u>

Under <u>Strickland</u>, a petitioner "must also show that there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different."  <u>Id.</u> at 694.  "A reasonable probability is

probability sufficient to undermine confidence in the outcome."  <u>Id.</u>

<u>DISCUSSION</u>

As discussed below, the Court finds that Defendant-Petitioner's arguments lack merit.  Because the record conclusively shows that Defendant-Petitioner is not entitled to relief, a hearing is not warranted in this case.

I.      <u>Ineffective Assistance of Counsel: Obstruction of Justice Enhancement</u>

Defendant-Petitioner argues that he received ineffective assistance of counsel when his trial counsel failed to object to the application of an obstruction of justice enhancement at sentencing pursuant to United States Sentencing Guideline ("USSG") § 3C1.1.  (Dkt. # 2887.)  By making this argument, he is not attacking his conviction, but is instead attacking his sentence.

"A case becomes moot when 'it no longer present[s] a case or controversy under Article III, § 2 of the Constitution.'"  <u>Wilson v. Terhune</u>, 319 F.3d 477, 479 (9th Cir. 2003) (citing <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998)).  However, "[a] habeas petition challenging the underlying conviction is never moot simply because, subsequent to its filing, the petitioner has been released from custody."  <u>Id.</u> (internal citation omitted).  "Some collateral consequence of the conviction must exist, however, in order for the suit to be maintained."  <u>Id.</u> (citing <u>Spencer</u>, 523 U.S. at 7).  In the Ninth Circuit, "a petitioner's challenge to his conviction [is] not rendered moot by his release in custody."  <u>Id.</u> (internal citation

omitted).  This is so because a consequence of a conviction is a potential

sentencing enhancement for a future crime.  However, a sentence and a conviction

have separate legal consequences.  A former sentence does not by itself trigger the

same collateral consequences as does a conviction.  As a result, the Supreme Court

has held that where a petitioner elects to only attack his sentence, a habeas petition

becomes moot when a petitioner is released.  Lane v. Williams, 455 U.S. 624, 631

(1982) ("Since respondents elected to only attack their sentences, and since those

sentences expired during the course of these proceedings, this case is moot.").

On June 22, 2016, Defendant-Petitioner was released from

imprisonment by the Bureau of Prisons.  Here, Defendant-Petitioner has raised an

ineffective assistance of counsel claim related to the application of USSG § 3C1.1

for obstruction of justice.  This argument does not attack his conviction, but instead

only attacks his sentence.  Accordingly, under Lane, this argument is likely moot

because Defendant-Petitioner was released from prison.  455 U.S. at 631.  The

Court notes that, even if this issue was not moot, Defendant-Petitioner has failed to

demonstrate any deficiency in counsel.  Defendant-Petitioner admits in his motion

that his attorney "filed an extensive objection to the obstruction enhancement."

(Dkt. # 2887 at 31:18.)

II.    Ineffective Assistance of Counsel: Imposition of Restitution

Defendant-Petitioner argues that his trial counsel provided ineffective assistance by not arguing at sentencing that restitution could only be applied as a condition of supervised release, and failing to timely file a motion to correct the restitution order pursuant to Federal Rule of Criminal Procedure 35(b).  (Dkt. # 2887 at 80.)  In the alternative, Defendant-Petitioner seeks a writ of error *coram nobis*.

A petitioner "cannot challenge a restitution order on constitutional grounds under § 2255 because 'by its plain terms, § 2255 is available only to defendants who are in custody and claiming the right to be released.'"  Bailey v. Hill, 599 F.3d 976, 982 (5th Cir. 2010) (quoting United States v. Kramer, 195 F.3d 1129, 1130 (9th Cir. 1999)).  Further, a petitioner cannot "couch[] his restitution claim in terms of ineffective assistance of counsel."  United States v. Thiele, 314 F.3d 399, 402 (9th Cir. 2002).  Nevertheless, a petitioner may challenge his supervised release under § 2255 because supervised release constitutes "custody."  Matus-Leva v. United States, 287 F.3d 758, 761 (9th Cir. 2002).

Here, the Court ordered restitution as a special condition of supervised release because Defendant-Petitioner was convicted for violating sections of Title 26 of the United States Code.  (Dkt. # 2624); see United States v. Batson, 608 F.3d 630 (9th Cir. 2010).  Assuming that Defendant-Petitioner has stated a cognizable

claim because his restitution is a term of supervised release, the Court will reach his ineffective assistance of counsel claim.  Defendant-Petitioner claims that the Court ordered an unlawful restitution award because his trial counsel failed to inform the Court that restitution could only be imposed as a condition of supervised release.  (Dkt. # 80.)  Defendant-Petitioner's argument fails, however, because he has not demonstrated that his counsel was either deficient or that he was prejudiced.  The record is clear that at sentencing his counsel informed the Court that restitution could only be imposed as a condition of supervised release.  (See Dkt. # 2887 at 73.)  In fact, the Court imposed restitution in the amount of $83,000 as a special condition of supervised release.  (See Dkt. # 2624.)  Therefore, Defendant-Petitioner suffered no prejudice because the special condition was lawful.

To the extent that Plaintiff argues that the special condition is actually a full-fledged restitution order, the Court disagrees.  The special condition states that restitution is "due immediately to Internal Revenue Service."  (Id.)  In the Court's March 10, 2014 Order denying Defendant-Petitioner's motion to correct clerical errors in the judgment, the Court explained the phrase "due immediately to Internal Revenue Service" reflects the Court's prior determination that Defendant must pay his court-ordered restitution while incarcerated.  (Dkt. # 2863.)  Accordingly, the "due immediately" language did not convert restitution as a

11

special condition of supervised release into a restitution order.  Finally, the Court need not address the writ of error *coram nobis* because where "the more usual remedy of a habeas petition is available, the writ of error *coram nobis* is not." Matus-Leva, 287 F.3d at 761.


III.   Ineffective Assistance of Counsel: *Batson* Challenge

Defendant-Petitioner argues that he received ineffective assistance of counsel "by trial counsel's failure to properly object and argue" the Government's striking of two African-American jurors.  (Dkt. # 2887 at 92.)

Under the Fifth Amendment and Equal Protection Clause of the Fourteenth Amendment, a prosecutor may "not exclude members of his race from the jury venire on account of race . . . or on the false assumption that members of his race as a group are not qualified to serve as jurors."  Batson v. Kentucky, 476 U.S. 79, 86 (1986).  Failure to object to a Batson violation could demonstrate ineffective assistance of counsel.  See Williams v. Woodford, 396 F.3d 1059, 1071 (9th Cir. 2005).

During *voir dire*, Defendant-Petitioner's counsel made two Batson challenges to the Government's peremptory challenges.[1]  (Dkt. # 2720 at

---

[1] Counsel for co-defendant Robert D. Kahre made the actual challenges, but Defendant-Petitioner's counsel joined the challenge.  (Dkt # 2720 at 21.) Defendant-Petitioner concedes this point.  (Dkt. # 2887 at 94.)

20:16−21; 36:4−16.)  The Court agreed with and sustained one challenge, but denied the challenge to strike Curtis Washington.  (Id. at 25:13−14; 29:12−17.) Defendant-Petitioner argues that counsel failed to object and argue against the Government's assertion that Mr. Washington's questionnaire answers showed his bias.  (Dkt. # 2887 at 106.)  However, the transcript reflects that Defendant-Petitioner's counsel did exactly that—counsel specifically argued that Mr. Washington's responses did not show his bias, and should therefore not be struck.

Accordingly, the Court finds that Defendant-Petitioner's counsel performed with objective reasonableness.  Defendant-Petitioner's argument seems to attack the Government's specific race-neutral reasons for striking the second African-American prospective juror, and the Court's decision to accept those race-neutral reasons.  However, such argument fails to state a claim for ineffective assistance of counsel.  Accordingly, Defendant-Petitioner has failed to demonstrate ineffective assistance of counsel regarding the Batson challenges.  Since trial counsel provided effective assistance, no reasonable basis existed for appellate counsel to raise the issue on appeal.  Therefore, appellate counsel did not provide ineffective assistance either.

IV.    Ineffective Assistance of Counsel: Jury Instruction

Defendant-Petitioner argues that his trial and appellate counsel's performance fell below an objective standard of reasonableness by failing to effectively argue against the inclusion of jury instructions concerning the valuation of gold and silver coins.  (Dkt. # 2887 at 121.)

"[I]ssues disposed of on a previous direct appeal are not reviewable in a subsequent § 2255 proceeding." Garcia v. United States, 61 F.3d 910, 910 (9th Cir. 1995) (citing United States v. Currie, 589 F.2d 993, 995 (9th Cir. 1979)); see also United States v. Hayes, 231 F.3d 1132, 1139 (9th Cir. 2000) ("When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as a basis for a subsequent § 2255 petition.").

Defendant-Petitioner challenged Jury Instruction 48 and the district court's decision concerning the valuation of gold and silver coins.  (Br. by Alexander C. Loglia at 47, 2011 WL 2784314, at *1.)  Specifically, the issue on appeal asked whether "the trial court's ruling and jury instruction on valuation of circulating gold and silver coins as property for tax purposes [was] erroneous as a matter of law."  Id.  On review, the Ninth Circuit held that "the district court correctly determined that gold and silver coins used to pay wages were properly assessed at their fair market value [as property]."  Kahre, 737 F.3d at 572.  Since

14

this issue was disposed of on direct appeal, Defendant-Petitioner may not seek review in this § 2255 proceeding.  Garcia, 61 F.3d at 910.  Nor does it matter that Defendant-Petitioner states his claim as ineffective assistance of counsel.  See Currie, 589 F.2d at 995 ("The fact that the issue may be stated in different terms is of no significance.").  Even if the Court could reach the merits, Defendant-Petitioner has failed to show that his counsel was deficient or that he was prejudiced.  He cites to no specific error of counsel, but instead attacks the merits of the Court's decisions.  Since the Ninth Circuit affirmed this Court's instructions concerning the valuation of gold and silver coins, Defendant-Petitioner cannot show any actual prejudice.

Defendant-Petitioner also alleges ineffective assistance of counsel concerning Jury Instruction 49.  (Dkt. # 2887 at 138.)  However, he fails to specifically identify any deficient performance.  Instead, he simply attacks the merits of the Court's inclusion of a jury instruction that defined a "step transaction"—a transaction performed with no economic substance and done only to avoid taxes—and makes only conclusory allegations about his attorney's failure to object.  These conclusory allegations are belied by the record and Defendant-Petitioner's own brief where he admits his lawyer objected to instruction 49.  (See Dkt. # 2887 at 138 ("Petitioner joined the objections to the instruction").)

15

Accordingly, the Court denies Defendant-Petitioner's habeas motion on this ground.

V.      Ineffective Assistance of Counsel: Counts 69−72

Defendant-Petitioner argues that his trial and appellate counsel rendered ineffective assistance by not successfully seeking to cure alleged defects in Counts 69−72 of the Third Superseding Indictment.  (Dkt. # 2887 at 152.)

Defendant-Petitioner argues that Counts 69−72 charge conduct that is factually impossible.  (Id. at 156.)  The Counts state:

> From on or about October 10, 1997, to on or about May 20, 2003 . . . [Petitioner] . . . did willfully attempt to evade and defeat the payment of income tax due and owing by him to the United States of America for the calendar year 1993 . . . by concealing and attempting to conceal from the Internal Revenue Service his income earned for the years 1997 through 2003, by among other things, conducting employment payroll transactions in case, agreeing with his employer to hide his income from the Internal Revenue Service, and filing a frivolous U.S. Individual Tax Return for the calendar year 1993 that reported zero income.

(Dkt. # 1671.)  On September 8, 2009, Defendant-Petitioner's trial counsel filed a Motion for a New Trial or to Arrest Judgment (Dkt. # 2535) predicated on the same argument he raises here: namely, that the conduct charged in the above count "simply cannot constitute affirmative acts of evasion."  (Id.)  On November 2, 2009, the Court issued an order denying Defendant-Petitioner's motion and finding

that the Third Superseding Indictment "does not charge the logical impossibility
that a zero return for years 1993−1996 could conceal income earned during
1997−2003." (Dkt. # 2559 at 7−8.) Defendant-Petitioner's instant Motion raises
the same arguments that this Court has already rejected—his motion attacks the
merits of the Court's previous order, but fails to identify any specific act of
deficiency by counsel. Instead, he states in conclusory terms that his counsel failed
to object, failed to properly argue the motion for a new trial, and failed to argue
that he was subjected to an impermissible variance between the conduct charged
and the evidence adduced at trial. (Dkt. # 2887 at 160.)

In fact, the record suggests otherwise. At the close of trial,
Defendant-Petitioner's lawyer raised the issue of possible defects in Counts 69−72.
(See Dkt. ## 2505, 2508.) His lawyer also filed a motion for a curative jury
instruction and a "Motion for a Limiting Jury Instruction or in the Alternative
Motion to Strike." (Dkt. # 2508.) Therefore, the Court finds that Defendant-
Petitioner's counsel performed to an objectively reasonable standard in defending
his client. Indeed, his counsel filed a Motion for a New Trial on this very issue.
Even if counsel was deficient, Defendant-Petitioner suffered no prejudice because
the Court found no impermissible feature to exist in Counts 69−72. To the extent
that Defendant-Petitioner claims his trial counsel should have argued he suffered
an impermissible variance, the Court does not agree. The record reflects that the

Government offered evidence to show Defendant-Petitioner's affirmative acts of tax evasion at trial.  Therefore, it was objectively reasonable to not argue for an impermissible variance.

In any case, the Court applies a strong presumption that counsel acted reasonably and will not use hindsight to second guess trial counsel, especially where Defendant-Petitioner fails to identify any specific act of deficiency.  Finally, appellate counsel did not err in choosing to not raise these issues on direct appeal.  The Court's order denying the motion for a new trial clearly explained the law and holding.  Any reasonable appellate attorney would have noticed that an appeal regarding Counts 69−72 would be frivolous.

VI.   Ineffective Assistance of Counsel: Cumulative Error

Defendant-Petitioner argues that ineffective assistance of counsel errors and underlying trial errors set forth in his motion constitute cumulative error requiring reversal of his conviction.  (Dkt. # 2887 at 177.)

Cumulative error applies where, "although no single trial error examined in isolation is sufficiently prejudicial to warrant reversal, the cumulative effect of multiple errors may still prejudice a defendant."  United States v. Frederick, 78 F.3d 1370, 1381 (9th Cir. 1996).  Where no constitutional error

18

exists in a case, there is nothing to accumulate to a level of a constitutional

violation.  Mancuso v. Olivarez, 292 F.3d 939, 957 (9th Cir. 2002).

Defendant-Petitioner has failed to show that he suffered cumulative

error to justify reversal and has failed to show that any of his attorney's alleged

deficient performances resulted in cumulative error.  Since each of his ineffective

assistance of counsel claims lacks merit, they cannot form the basis of cumulative

error.  Accordingly, the Court will deny him relief on this ground.


VII.   Evidentiary Hearing

A court shall hold an evidentiary hearing on a motion under § 2255

"unless the motion and the files and records of the case conclusively show that the

prisoner is entitled to no relief."  28 U.S.C. § 2255.  "A court may entertain and

determine such [a] motion without requiring the production of the prisoner at the

hearing."  Id.  In short,

> The standard essentially is whether the movant has made
> specific factual allegations that, if true, state a claim on which
> relief could be granted. A hearing must be granted unless the
> movant's allegations, when viewed against the record, do not
> state a claim for relief or are so palpably incredible or patently
> frivolous as to warrant summary dismissal.

United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984) (citations

omitted); Shah v. United States, 878 F.2d 1156, 1158 (9th Cir. 1989); see

also United States v. Quan, 789 F.2d 711, 715 (9th Cir. 1986) ("Where a

19

prisoner's motion presents no more than conclusory allegations, unsupported

by facts and refuted by the record, an evidentiary hearing is not required.").

The Ninth Circuit recognizes that even when credibility is at issue, no

evidentiary hearing is required if it can be "'conclusively decided on the basis of

documentary testimony and evidence in the record.'"  Shah, 878 F.2d at 1159

(quoting United States v. Espinoza, 866 F.2d 1067, 1069 (9th Cir. 1989)).  In

addition, judges may use discovery, documentary evidence, and their own notes

and recollections of the plea hearing and sentencing process to supplement the

record.  Shah, 878 F.2d at 1159.  "Judges may also use common sense."  Id.  The

choice of method for handling a § 2255 motion is left to the discretion of the

district court.  See id. (citing Watts v. United States, 841 F.2d 275, 277 (9th Cir.

1988)).

Here, no evidentiary hearing is necessary because "the motion and the

files and records of the case conclusively show that the prisoner is entitled to no

relief."  28 U.S.C. § 2255.  Based on the reasons explained above, Defendant-

Petitioner has not made specific factual allegations that, if true, state a claim on

which relief could be granted.  See Schaflander, 743 F.2d at 717.  Defendant-

Petitioner's claims have either already been fully litigated on direct appeal or are

procedurally defaulted.  Indeed, the vast majority of Defendant-Petitioner's § 2255

motion makes conclusory allegations of ineffective assistance of counsel.
Accordingly, the Court finds it unnecessary to hold an evidentiary hearing.

VIII.   Certificate of Appealability

In order to proceed with an appeal, a petitioner must receive a certificate of appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22–1; Allen v. Ornoski, 435 F.3d 946, 950–51 (9th Cir. 2006); see also United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack, 529 U.S. at 484.  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further.  Id.  Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed.

The Court has considered the issues raised by Defendant-Petitioner with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet the standard.  Accordingly, the Court denies Defendant-Petitioner a certificate of appealability.


CONCLUSION

For the reasons explained above, the Court: (1) **DENIES** Defendant-Petitioner's Motion to Vacate, Set Aside or Correct Sentence and Conviction pursuant to 28 U.S.C. § 2255 (Dkt. # 2887); and (2) **DENIES** Defendant-Petitioner a certificate of appealability.

**IT IS SO ORDERED.**

**DATE:** Las Vegas, Nevada, November 29, 2016.


_____
DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE